## COMMONWEALTH *vs.* EDWARD McLAUGHLIN.

Suffolk. March 26. — May 4, 1877. LORD & SOULE, JJ., absent.

One good assignment of perjury will support a general verdict of guilty, although the other assignments in the indictment are defective.

An indictment, alleging that the defendant falsely swore that at a certain time and place he saw J. S. write certain words, whereas in truth and in fact J. S. "did not write at any time said words," sufficiently charges perjury.

On an indictment for perjury, alleging that, at the trial of a certain indictment for forging certain bonds, the defendant falsely swore that he saw J. S. write a certain name in a hotel register, J. S. testified that he never wrote the name in the hotel register, but that he signed the forged bonds, as surety, by the same name, which was fictitious. On cross-examination, the defendant asked him, "When you signed 'the fictitious name' to the bond, did you swear before the magistrate that you had sufficient property to respond, and was that true?" and also offered to show by the magistrate what J. S. said under oath as to his property, when he so signed. *Held*, that the defendant had no ground of exception to the exclusion of the evidence.

An averment in an indictment that a motion for a new trial was heard by a justice of the Superior Court "at his chambers," is sustained by proof that the hearing took place in a room used by that court for the transaction of business without a jury.

INDICTMENT for perjury, as follows: "The jurors for the Commonwealth of Massachusetts, on their oath present, that at a term of the Superior Court, begun and holden on the first Monday of May, in the said year one thousand eight hundred and seventy-six, at Boston aforesaid, holden for the transaction of criminal business at Boston, within and for said county of Suffolk, to wit, on the twenty-fourth day of May, in the year aforesaid, one John F. Costello duly filed his motion in writing, in said court, praying for a new trial to be granted him, said Costello,

upon this ground, among others : of evidence therein set forth by affidavits, and alleged to be then newly discovered, upon a certain indictment then pending in said court, charging him, said Costello, in several counts, with the crime of forgery, and of knowingly uttering forged bonds; upon all the counts of which said indictment, said Costello had lately, to wit, within one year theretofore, been duly tried and found guilty by a jury of the county, but upon which indictment no sentence had then been passed, nor judgment given ; that thereafter, to wit, on the second day of June, in the year aforesaid, said motion was duly heard by and before the Honorable Waldo Colburn, one of the justices of said court, at his chambers, at said Boston ; that at said hearing it became, and was, a material matter of inquiry, whether one Edward McLaughlin had written, on the twentieth day of November, in the year one thousand eight hundred and seventy-four, or at any time in said year last named, the words ' Edward McLaughlin,' upon a certain book, called a hotel register, produced at said hearing, and then exhibited to said McLaughlin, and whether he, said McLaughlin, in said last named year, saw any one, and if so, whom, write upon said book, at a certain inn in said Boston, called the New England House, the words, William P. Schell, appearing upon said book, and then viewed at said hearing by said McLaughlin, (he being present thereat,) and that at said hearing, before said justice, at Boston aforesaid, on said second day of June, said Edward McLaughlin, of said Boston, offered himself as a witness in said hearing, in behalf of said Costello, and was then and there duly sworn by said justice to testify the truth, the whole truth, and nothing but the truth, in the matter aforesaid then in hearing; and that said McLaughlin, being so sworn, as aforesaid, did then and there knowingly, falsely, wilfully, and corruptly testify and say, in substance, as follows, that is to say : That in the said year last mentioned, he, said McLaughlin, was in said New England House, with one Frank Hayes, of said Boston, and that he, said McLaughlin, at said inn, wrote in said book the words, ' Edward McLaughlin,' and that at said time and place, when and where he, said McLaughlin, wrote said words, ' Edward McLaughlin,' he, said McLaughlin, saw said Frank Hayes write said words, ' William P. Schell,' upon said book, immediately before he, said

McLaughlin, wrote his name thereon. Whereas, in truth and in fact, neither said Hayes nor said McLaughlin were in said inn together at any time, and said Hayes did not write at any time said words ' William P. Schell;' all of which said McLaughlin, at the time he so deposed and swore, as aforesaid, then and there well knew.

"And so the jurors aforesaid, upon their oath aforesaid, do present and say that said McLaughlin, on said second day of June, before said justice, having full power and authority, as aforesaid, in manner and form aforesaid, did commit wicked and wilful perjury; against the law, peace, and dignity of said Commonwealth, and the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment on the following grounds : " 1. Because the said indictment avers and shows that the said motion for a new trial, upon the hearing of which the said defendant is alleged to have committed the crime of perjury, was heard and tried by and before the Honorable Waldo Colburn, one of the justices of this court, "at his chambers," at said Boston ; and because the hearing of said motion in chambers, as set out in said indictment, was irregular, unauthorized, improper and illegal. 2. Because said indictment does not assign any perjury (alleged to have been committed by the defendant) in a direct, positive and precise manner, as is required by law. 3. Because the only perjury charged in said indictment is assigned inferentially and argumentatively."

*Putnam*, J., overruled the motion, and the defendant was then tried. The evidence offered by the government tended to show that John F. Costello was tried and convicted before the Superior Court for forgery, the forging consisting in procuring certain bonds to be signed by Frank Hayes, as his surety, by the name of William P. Schell; and on the trial of that case Hayes had testified that he did so sign the bond as surety for said Costello, and at his request, by the name of William P. Schell, and that said name was a wholly fictitious name, and one which he had never used before. One of these bonds was a bond given by Costello to dissolve an attachment, and the other a bond to prosecute an appeal; and that, after verdict against Costello, a

motion for a new trial was had, and, upon the hearing upon that motion, the defendant testified as set forth in the indictment. It was not denied but that it was material testimony, and the indictment in this case was brought against the defendant for perjury in so testifying.

Hayes was called as a witness by the government, and testified that he never wrote the name of William P. Schell in the register, and never was with the defendant at the New England House on the day named, or at any time.

On cross-examination, he was asked by the defendant the following question : " When you signed your name William P. Schell to the bond, did you swear before the magistrate that you had sufficient property to respond ; and was that true ? " This question was objected to by the government, and excluded by the judge, as immaterial. The defendant also offered to show by the magistrate what Hayes said, under oath, on the occasion of his signing, as to his property. But the judge excluded this also, as immaterial, and the defendant excepted.

It appeared that the hearing on the motion for a new trial was had before *Colburn*, J., in the room on Court Street, where the hearings of cases tried without a jury are had, a room especially provided for the purpose, and known as the room for the third session of the Superior Court. No clerk was present in his official capacity, except that the clerk of the Superior Court for criminal business was there for a short time as a witness, with the records of the court. This room was assigned for the hearing by the judge, and the government and the defendant were present with their witnesses, and a hearing was had. This was on June 2, 1876, and, at the time, the May term of the Superior Court for the transaction of criminal business was being held before another justice of the Superior Court, in the regular court room. A preliminary hearing had been had by *Colburn*, J., in the regular criminal court room, when the justice then presiding retired, to give opportunity for *Colburn*, J., to hear the motion, without any adjournment of the court. The motion and affidavits were then read by the counsel for Costello, and a day fixed by the judge for a further hearing, but nothing was said about the place. The court was then adjourned for the day. Subsequently, the judge fixed upon the room above

mentioned for the hearing, of which the parties were notified, and the hearing was had.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. E. Swasey & J. W. Keith*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

AMES, J.  The perjury set forth in the indictment is that the defendant falsely, &c., swore that he was at a certain inn in Boston with one Frank Hayes, and at that time and place he saw Hayes write the words " William P. Schell " in the hotel register, whereas, in truth and in fact, " neither said Hayes nor said McLaughlin were in said inn together at any time, and said Hayes did not write at any time said words." The defendant objects that the first assignment of perjury, namely, that in relation to their not having been at the inn together, is not merely ungrammatical, but meaningless, uncertain and bad. Supposing it to be so, we cannot say that it would have the effect to vitiate the indictment. " When any one distinct assignment of perjury, in an indictment for that offence, is well made, and the defendant is found guilty, he must be sentenced on his conviction, however defective the other assignments may be. This is the settled law." *Commonwealth* v. *Johns*, 6 Gray, 274, 276, and cases there cited. In *Commonwealth* v. *Johns*, there were four assignments of perjury in one count, three of which were insufficient, and the conviction was sustained on the fourth. See also *Commonwealth* v. *Morrill*, 8 Cush. 571.

If the second assignment is good, it cures the difficulty. With regard to this second assignment, it is in substance an averment that the defendant testified, as of a fact of his own knowledge, and occurring in his sight and presence, that Hayes did write the words in question, whereas in truth and in fact said Hayes never wrote them. The defendant objects that this is an argumentative and inferential, rather than a direct and positive, mode of assigning the perjury. But we do not so consider it. The indictment avers that the defendant testified that he saw the words so written. The secondary averment that they were never so written at all is as direct and positive a charge of false testimony as could well be made. The averment that he also

testified 'that he wrote his own name in the register, and that Hayes wrote the words " William P. Schell " immediately before the defendant's name, was immaterial, and did not need to be charged as false. The assignment of perjury in this particular matter is well made therefore, and is sufficient to support the verdict.

The exception to the disallowance of the question put to the witness Hayes, on his cross-examination, and of the evidence offered as to what he said about his own property on another occasion, cannot be sustained. They were apparently intended for the purpose of discrediting the witness, but they did not come within any of the recognized modes of reaching that end. For any other purpose they were immaterial.

The averment of the indictment, that the motion for the new trial was heard by the justice of the Superior Court " at his chambers," is satisfied by proof that the hearing took place in an apartment appropriated to the use of that court for the transaction of business not requiring the presence of a jury. By the 48th rule of the Superior Court, motions for a new trial may be heard by a judge " at chambers." We must suppose that the motion in this case was so heard, and not at the private lodgings of the judge.                    *Exceptions overruled.*