## STATE *v.* JOHN W. SMITH.

*When statute repeals law by implication. Perjury. Indictment. Argumentativeness. Use of words " corruptly " and " falsely."*

1. A former statute or rule of the common law will, without express words to that effect, be repealed by the enactment of a new statute which revises the whole subject matter of the former law and is evidently intended as a substitute for it.

2. But R. L. 4262, 4263, do not do away with the common law as to perjury in this State, for they do not cover the entire ground. The first section imposes a penalty for perjury, and the second section merely declares that certain acts shall be perjury which were not at the common law.

3. The indictment alleged that it was a material question on the trial whether a certain paper was signed and delivered. The respondent was charged with false swearing as to the signing only. · *Held*, that it was sufficiently alleged that this testimony was material.

4. It was alleged that the respondent testified that he saw Fuller sign the instrument. The assignment of perjury was that Fuller did not sign it. *Held*, not argumentative.

5. If one assignment is sufficient, improper assignments in connection with it will not vitiate an indictment for perjury.

6. An indictment for perjury which alleges that the respondent gave testimony which was untrue, "willfully and corruptly," is sufficient, although it omits the word "falsely;" for while it must appear that the testimony was false to the knowledge of the respondent the word " corruptly " necessarily imports that idea.

Indictment for perjury. Heard upon demurrer at the September term, 1888, Orleans county, Rowell, J., presiding. Demurrer overruled and respondent adjudged guilty. After judgment and before sentence the respondent moved in arrest of judgment for the insufficiency of the indictment, which motion was denied. To the action of the court in overruling the demurrer and the motion in arrest, the respondent excepted.

The indictment was as follows : "At the term of the County Court begun and held at Newport within and for the county of Orleans aforesaid, on the first Tuesday of February, A. D. 1887, a certain issue was joined in the aforesaid court, in a certain action then and there pending in said County Court, of which said action the said County Court had full jurisdiction to try and determine, and wherein one Isaac Henry Pierson Rowell, in his individual capacity, and the said Isaac Henry Pierson Rowell, as surviving partner of the late firm of J. & H. Rowell, which co-partnership consisted of the said Isaac Henry Pierson Rowell and one Joseph Rowell, now deceased, was plaintiff, and the estate of one Warren Fuller, deceased, was defendant; and that afterwards, to wit : at the term aforesaid of the county aforesaid, said issue came on to be tried in due form of law by the jury of the country in that behalf duly empaneled and sworn to try such issue; and upon the trial of aforesaid issue, and to wit : on the 4th day of February, A. D. 1887, one John W. Smith of Berlin, in the county of Washington, and State of Vermont, did then and there appear and was produced as a witness and was received to give evidence on behalf of the said Isaac Henry Pierson Rowell, plaintiff as aforesaid, in said cause ; and the said John W. Smith in and before said court, was then and there duly sworn by the clerk of said court, and did then and there take his corporal oath that the evidence he, the said John W. Smith, would give to the court and jury sworn between the parties aforesaid, touching the matters in question in the said issue, should be the truth, the whole truth and nothing but the truth, the said court by their said clerk then and there having full power and authority by law to administer an oath on such an occasion, and then and there upon the trial of such issue, it became and was a material question on the said issue, whether he, the said Warren Fuller, in his lifetime, on to wit : the 5th day of June, A. D. 1884, or on any other day, had signed his, the said Warren Fuller's name to and delivered or caused to be deliv-

State *v.* Smith.

ered unto the said Isaac Henry Pierson Rowell, a certain writing or document in the words and figures following, to wit :

"Montpelier, Vt., June 5th, 1884.

" I hereby acknowledge that my promissory note for the sum of ninety-seven dollars and seventy-four cents ($97.74), dated November 2, 1857, and payable to J. & H. Rowell or bearer, one day from date, and interest annually, is not paid, and promise to pay the same on demand.

"And I also acknowledge that the promissory notes taken by me from J. & H. Rowell for collection, and described in my receipt given for the same and dated July 16, A. D. 1857, have not been accounted for except as shown by endorsements on the back of said receipt, and promise to pay on demand the amount due from me on account of the said promissory notes, with annual interest.

WARREN FULLER."

And that thereupon the said John W. Smith, having been so sworn as aforesaid, did then and there feloniously, wilfully and corruptly testify and say in substance and effect, that he, the said John W. Smith was in the hotel, then called and known as the American House, in the village of Montpelier, in the town of Montpelier aforesaid, in the county of Washington, on the day and date of the said writing or document hereinbefore named and described, and that while he, the said John W. Smith, was in the said American House as aforesaid, said Warren Fuller came into the same room in said American House in which the said John W. Smith then was, as aforesaid, and that while the said Warren Fuller was in the said room in said American House as aforesaid, he, the said John W. Smith, saw said Warren Fuller sign his, the said Warren Fuller's, name to said writing or document hereinbefore named and described, whereas, in truth and in fact, the said John W. Smith did not see the said Warren Fuller in said American House on the day of the date of said writing or document hereinbefore named and described ; nor did the said Warren Fuller sign his, the said Warren Fuller's, name to said writing or document hereinbefore named and described, in said American House

or elsewhere, on the day of the date of said writing or document hereinbefore named and described, or on any other date.

And so the jurors aforesaid, upon their oath aforesaid, do say : that the said John W. Smith on the trial of the issue aforesaid, on the day and year aforesaid, before the said County Court, falsely, maliciously, wilfully, knowingly and wickedly in manner and form aforesaid, did commit wilful and corrupt perjury, contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the state.

*Geo. W. Wing,* and *Dickerman & Young,* for the respondent.

In this State there is no common law offence of perjury, the statutes in that respect having repealed the common law.

R. L. 4263, 4301, 328, 329, 1527, 3488 ; *Commonwealth* v. *Dennis,* 105 Mass. 162 ; *Commonwealth* v. *Cooley,* 10 Pick. 37 ; *Commonwealth* v. *Marshall,* 11 Pick. 350 ; *Butler* v. *Palmer,* 1 Hill 324 ; Miller's Case, 3 Willson 420 ; Anon, 1 Wash. C. C. R. 84 ; *Commonwealth* v. *King,* 1 Wharton 460 ; *Isham, Admr.* v. *Bennington Iron Co.,* 19 Vt. 230 ; *Farr* v. *Brackett et al.,* 30 Vt. 344 ; *Andrews* v. *People,* 75 Ill. 605 ; *Towle* v. *Marrett,* 3 Greenl. 22 ; *Pingree* v. *Snell,* 42 Me. 53 ; *United States* v. *Claflin et al.,* 97 U. S. S. 546 ; *Mitchell* v. *Brown,* 1 Ell. & Ell. 267; *Parry* v. *Croyden Gas Co.,* 15 C. B. (N. S.) 568 ; Ex parte Baker, 2 Hurls. & N. 219 ; Report of the Judges, 3 Bing. 596 ; *State* v. *Seaborn,* 4 Dev. (N. C.) 305; *Towle* v. *Marrett,* 3 Greenleaf, (Me.) 22 ; *State* v. *Woodward,* 34 Me. 293 ; *New London & Northern R. R. Co.* v *Boston & Albany R. R. Co.,* 102 Mass. 386-9 ; *Rex* v. *Walford,* 4 Espinasse 62 ; *Rex* v. *Button,* 12 Jur. 1017-1021 ; *Rex* v. *Robinson,* 2 East P. C. 1110-15 ; S. C. 2 Leash 749 ; *State* v. *Wright,* 4 McCord 358 ; *Burton* v. *Watkins,* 2 Hill (S. C.) 647 ; *State* v. *Dick,* 2 Murph. 388 ; *Warner* v. *Commonwealth,* 1 Barr 154 ; *Rex* v. *Crosse,* 1 Ld. Raymond 711; S. C. 12 Mod. 634 ; *Rex* v. *Pim,* Russ & Ry. 425 ; *Hayes*

v. *State,* 55 Ind. 99 ; *State* v. *Stokes,* 54 Vt. 179-181 ; *State* v. *Butler,* 17 Vt. 149 ; *State* v. *Doley,* 41 Vt. 564.

At common law perjury was only a misdemeanor.

2 Bishop's Cr. Law, 7th Ed. Secs. 885, 1054.

2 Chitty's Cr. Law, Par. 313.

The present statutory definition of perjury is different from the common law. A man might at common law commit perjury and tell the exact truth, if he supposed he was swearing falsely. Under the statute he must wilfully swear falsely.

1 Bishop's Cr. Law, Sec. 316 ; Wharton's Cr. Law, 651 ; 2 Bishop's Cr. Law, Sec. 879.

There is no allegation in this indictment that the respondent swore falsely to his knowledge. The word " corruptly " does not imply knowledge. It has been held that the omission of the word " corruptly " was fatal. Much more would be that of the word "falsely." *King* v. *Stevens,* 5 Barn. & Cres., 346 ; *Rex* v. *Richards,* 7 Dow. & Ry. 665.

And this has been expressly so held. *Rex* v. *Oxley,* 3 C. & K. 317.

It must be charged that the defendant swore falsely. 2. Chitty's Cr. Law, Sec. 309 ; *State* v. *Garland,* 3 Dev. 114.

The indictment should follow the exact words of the statute, or use other words of exactly the same import.

2 Chitty's Cr. Law, Sec. 315 ; Crooke Eliz. 147 ; 1 Leach 71 ; *Hinch* v. *State,* 2 Miss. 158 ; *Allen* v. *State,* 42 Texas 12 ; *State* v. *Perry,* 42 Texas 238 ; *Smith* v. *State,* 1 Texas Ap. 620 ; *State* v. *Morse,* 1 Greene (Iowa), 503 ; *State* v. *Stokes,* 54 Vt. 179 ; *State* v. *Pratt,* 54 Vt. 484; *State* v. *Kennerson,* 55 N. H. 242 ; *State* v. *Morse,* 90 Mo. 91; *Warne* v. *Commonwealth,* 1 Barr. 154 ; *State* v. *Daley,* 41 Vt. 564; *State* v. *Jones,* 33 Vt. 443 ; *State* v. *Cook,* 38 Vt. 437-9 ; *State* v. *Abbott,* 31 N. H. 439 ; *United States* v. *Lancaster,* 2 McLean 431 ; *State* v. *Gibbons,* 1 Southard, 51. 3 Dyer 363.

The allegation at the close of the indictment cannot help out

the want of one in the body; that being merely a conclusion of law and not the statement of a fact. *State* v. *Dick*, 2 Murphy 388; *State* v. *Loftin*, 2 Dev. & Bot. 31; *State* v. *Gibbons*, 4 N. Y. L. 51; 2 Chitty's Cr. Law, 312; *King* v. *Stevens*, 5 Barn & Cres., 246; *Rex* v. *Richards*, 7 Dow. & Ry., 665; *Ryalls* v. *Reg.*, 11 Q. B., 781–794, in error.

The assignment of perjury is not an express denial of the truth of the testimony alleged to have been given. The testimony of the respondent was that he saw Fuller sign his name; the assignment, that Fuller did not sign his name. Bishop's Cr. Pro. ss. 918, 919, 920; *Gibson* v. *State*, 44 Ala., 17; 2 Chitty's Cr. Law, 311.

It does not appear that the respondent's testimony was material. The signing and delivery were the material thing, not the signing alone. *State* v. *Trask*, 42 Vt., 152; *State* v. *Chandler*, 42 Vt., 446; 2 Bishop's Crim. Law, Sec. 873; 2 Chitty's Crim. Law, Sec. 305.

The strictness of the common law pleading is applicable to this indictment. *State* v. *Leach*, 27 Vt., 317; *State* v. *Litch*, 33 Vt., 66; *State* v. *Freeman*, 15 Vt., 722; *State* v. *Kennerson*, 55 N. H. 244, Smith, J.; *State* v. *Eivoll*, 44 N. H. 140, 142; *State* v. *Mixon*, 18 Vt. 74.

*F. E. Alfred*, State's Attorney, and *L. H. Thompson*, for the State.

This indictment is for the common law offence of perjury. Our statute does not supplant the common law. It does not attempt to define perjury, but merely fixes the penalty. Where the statute and common law are not repugnant the statute is cumulative. *State* v. *Jones*, 33 Vt., 444 and 445; *Tully* v. *Commonwealth*, 4 Metcalf, 358; Bishop's Stat. Crimes, Secs. 381, 413; Stat. Crimes, (2d Ed.) Sec. 250.

The words "wilfully and corruptly" are sufficient without the word "falsely." The indictment positively charges every

State v. Smith.

·element necessary to the offence. The assignment expressly states that the testimony was false. 2 Bishop's Crim. Proc. (3d Ed.) ·Sections 902 and 922; *State* v. *Sleeper*, and *State* v. *Magoon*, 37 Vt., 122 and 126; *State* v. *Dart*, 8 Black 526; *Respublica* v. *Newell*, ·3 Yeates, (Pa.) 412; Bishop Crim. Proc., (3d Ed.,) Sec. 922; ·Chitty's Cr. Law, 311; *State* v. *Bobbitt*, 70 N. C., 81.

It was not necessary that the facts sworn to by the respond ·ent on the trial should make out the whole case in order that they might be material. It was enough if his testimony tended to es ·tablish an essential part of the case. *U. S.* v. *McHenry*, 6 Blatch., 507; 2 Bishop Crim. L. (4th Ed.), Secs. 998, 998a.; 2 Russell Crimes, (8th Am. Ed.) No. 643; *Dilcher* v. *State*, 39 Ohio St. 130.

An indictment for perjury may be good without any aver ·ment of materiality, if it appears from the facts stated that the testimony must have been material. *U. S.* v. *McHenry*, 6 Blatch. 507, 508; *State* v. *Nees*, 12 So. West. Rep., 184; *State* v. *Cham berlain*, 30 Vt. 559; *State* v. *Sleeper*, 37 Vt., 126; *People* v. *McKinney*, 3 Parker's Cr. Rep. 510; 2 Russell Crimes (8th Am. Ed.) No. 639; 2 Bishop Crim. Proc., Sec. 854.

The opinion of the court was delivered by

MUNSON, J. The respondent claims that the common law offence of perjury does not exist in this State, and that the indictment is not sufficient under the statute. These claims are based upon a construction of R. L. 4262, 4263, which read as follows:

S. *4262.* A person who being lawfully required to depose the truth in a proceeding in a court of justice commits perjury, shall be imprisoned in the State prison not more than fifteen years, and fined not more than one thousand dollars

S. *4263.* A person of whom an oath is required by law, who wilfully swears falsely in regard to any matter or thing respecting which such oath is required, shall be guilty of perjury and punished as provided in the preceding section.

It is claimed that these provisions constitute a general revision of the law relating to perjury, and repeal the common law upon the subject by implication. The general rule is that an affirmative statute is an addition to the law, and repeals no existing provision unless manifestly repugnant to it. But in several States it is held that where a statute covers the whole ground occupied by a previous statute or by the common law, it repeals the prior law, even though there be no repugnance. The courts of this State have recognized the exception, and have stated the doctrine to be, that a repeal is effected without express words where the new law revises the whole subject matter of the former one, and is evidently intended as a substitute for it. Bish. St. Cr. ss. 154, 159 ; *Farr* v. *Brackett,* 30 Vt. 344.

But this doctrine cannot avail the respondent unless it be held that the crime mentioned in s. 4262 is defined in the succeeding section. It is only upon such a construction that the statute can be claimed to cover the whole ground of the common law. But we think it is evident that these two sections are independent provisions. S. 4262 relates to the common law offence of perjury, referring to it by name, and leaving it to be defined by the common law. S. 4263 is not a statutory definition of the crime mentioned in s. 4262, but is a provision making that perjury which was not perjury at common law. This provision was evidently designed to cover the numerous instances where the statute requires a verification by oath in matters not connected with judicial proceedings. A like construction has been given to similar sections in Massachusetts. *Jones* v. *Daniels,* 15 Gray 438.

The respondent also refers to R. L. 4334; and urges that perjury was a misdemeanor at common law and is now a felony by statute, and that when the statute makes that a felony which was before a misdemeanor, the old law ceases to exist because of the repugnance. This claim of repugnance is evidently based upon the view of counsel that the statutory crime of perjury

State *v.* Smith.

established by s. 4263 embraces the common law offence. Under the construction above given this section, the claim is without support. With s. 4263 so construed, there remains no statutory provision between which and the common law the question of repugnance can arise. S. 4262 simply fixes the penalty for the common law offence, and s. 4334 declares that an offence so punished shall be felony.

So the common law relating to perjury is in force, and the indictment is sufficient if good at common law. But the respondent insists that the indictment is defective as a common law indictment in several respects.

It is alleged to have been a material question on the trial whether Fuller signed and delivered a certain paper. The respondent is charged only with testimony as to the signing. It is claimed that the signing without delivery is not alleged to have been material. We think no difficulty arises here. It clearly appears that testimony as to the signing alone would be material. If the respondent swore falsely as to that, he swore falsely upon a material point.

The respondent is stated to have testified that he saw Fuller sign his name to the paper. The assignment of perjury is that Fuller did not sign his name to the paper. It is claimed that this assignment is indirect and argumentative. It is certain that the contradiction is complete. If Fuller did not sign the paper, the respondent could not have seen him sign it. The testimony related to a single visible act which the respondent claimed to know was done because he saw it done. In such a case we think a denial in this form is permissible.

A statement that an act was not done seems a sufficient denial of the testimony of one who says he saw it done. And it has been so held. *Commonwealth* v. *McLaughlin*, 122 Mass. 449.

The disposition of this point makes it unnecessary to consider the statement of testimony and assignment of perjury in relation to the presence of Fuller at the place where the paper

14

was claimed to have been executed. It is well settled that if one assignment is sufficient, improper assignments in connection with it will not vitiate the indictment. 2 Chit. Cr. Law, 312 ; *Commonwealth* v. *Johns*, 6 Gray 274.

It is also said that the testimony is in no way alleged to have been falsely given. The word "falsely" does not appear in its usual connection with the words " wilfully and corruptly," and it is claimed there is nothing in the indictment to make good the omission. There is ample authority for saying that the use of the word " falsely," in connection with the statement of testimony, is not essential. But it must undoubtedly appear from some proper averment that the testimony was falsely given.

The State insists that the false swearing is averred in the assignment of the perjury. The indictment is based upon the form found in Sec. 871 of Mr. Bishop's Directions and Forms. The draftsman followed the form in dispensing with the word " falsely " in stating the testimony, but departed from the form in omitting the words " as he then and there well knew," in the assignment. These words, ordinarily used in cases where the testimony was expressed to be upon belief, would doubtless have supplied all the force which is claimed for the word " falsely." The respondent insists that with these words omitted the assignment does not fully cover the ground. The question thus presented is, whether the falsity of the testimony is sufficiently charged by the assignment of perjury, without using the words " as he then and there well knew."

It is one thing to say that a statement is not in accordance with the truth, and another thing to say that the matter has been designedly misstated. In one case we indicate the nature of the thing stated ; in the other we characterize the act of the person in stating it. A statement may be false in the sense of being untrue, and the person who made the statement not have spoken falsely in the sense of having intentionally misrepresented. Words denoting falsity are used in both of the meanings indicated, and

State *v.* Smith.

some confusion has doubtless arisen in consequence. But when "falsely" is applied to the intentional act of a responsible being, it seems properly to imply a purpose to deceive. The argument in support of the demurrer proceeds upon the assumption that the force of this word as used in the general averment is not merely that the testimony did not accord with the fact, but that it was falsely, or deceitfully, given; and this view is doubtless correct.

It must be kept in mind that the thing testified to, and the testimony given to establish it, are separate matters. Either may be true and the other false. A fact may exist, and yet the testimony by which its existence is established in court may be entirely false. So a matter which has no existence may be established as a fact without a particle of testimony having been falsely given. The existence or non-existence of the thing testified to does not determine the truthfulness or untruthfulness of the person testifying. To ascertain the existence of perjury, we look beyond the correctness of the statement to the knowledge and intent of the witness.

The assignment in ordinary form deals only with the correctness of the evidence, without touching the honesty of the witness. The act of the witness is characterized by the general averment which introduces the statement of his testimony. The existence of the matters testified to, or of so many of them as the prosecutor will controvert, is directly denied by the assignment. It is by this assignment that the pleader particularly points out the matters which will be relied upon in support of the general averment. The reasons for this part of the indictment may be gathered from the several opinions of the judges in *Rex* v. *Perrott*, 2 M. &. S. 385. Its primary office is to restrict the application of the general averment to the matters thus assigned. This would indicate that, technically, the general averment should be complete in itself; which would require the use of the word "falsely," regarded merely as an allegation of falsity in fact. It

seems to be well settled, however, that the allegations of the assignment may be taken in connection with the general averment to make out the charge.

But it is evident that the mere contradiction of the testimony does not complete the charge of falsity. More must be averred in that particular than that the fact was not as stated. The fact may not have been as stated, and yet the testimony not have been falsely given. The ground to be covered is the incorrectness of the statement as regards the knowledge of the witness. The assignment does not extend to this unless it contains the words, "as he then and there well knew," or their equivalent.

We have seen that there is a plain distinction between falsity in fact and falsity in the "knowledge or mind" of the witness, and that without the latter there can be no perjury. Now, while falsity in fact is averred by the usual assignment, it cannot be said that "false swearing" is charged by it. The ordinary assignment charges the falsity of the statement, but not its known falsity. It is evident, then, that the force of the assignment in this indictment does not relieve us from the necessity of finding in the general averment a sufficient allegation of that falsity which rests in the mind and purpose of the witness. This brings us to consider whether the ground of "falsely" in the sense we have indicated, is covered by the word "corruptly."

The respondent insists that "corruptly" is not sufficient, and cites *Regina* v. *Oxley*, 3 Car. & Kir. 317, in support of his position. In that case the word "falsely" was omitted, and Creswell, J., after consulting Baron Alderson, held that "corruptly" did not supply the defect. The report is brief, and merely indicates the view of the court. The statement is confined to this: "His lordship said that a man might swear 'corruptly' under some corrupt influence, and yet swear the truth." So far as we are informed, this is the only case in which the point has been directly passed upon.

We do not see how the corrupt influence under which a man may be who still tells the truth can have anything to do with the crime of perjury. The word "corruptly" cannot have been made use of in indictments for perjury to indicate the motive of the witness in something which does not enter into the nature of the act. If a witness knowingly and intentionally misrepresents, it is not necessary to inquire further as to his motive. If one tells the truth of his own knowledge he cannot be guilty of perjury, whatever his motive for becoming a witness may have been. There can be no such thing as swearing corruptly in giving truthful testimony. Any corruption there can be in the matter must relate to something outside the act of testifying. If one is bribed to give evidence of what he knows, the corruption is not in telling the truth, but in taking advantage of another's necessity to extort a reward for telling the truth. "Corruptly" is here applied to the act of giving testimony which is elsewhere alleged to have been untrue in fact. We do not see how the force of the word can be so confined as not to reach to the falsity of the act.

It is said the word corruptly does not have the same meaning as falsely, and this is true; but we are considering the word as applied to the act of testifying, and it is difficult to see how one can testify corruptly unless he bears false testimony. It is also urged that as this indictment stands there is nothing in it inconsistent with the theory of an honest mistake. Can this be said when it is alleged that the respondent swore corruptly to what he stated? And if it cannot be said, does not this show that "corruptly" here carries the force of "falsely" in the sense which has been considered? We are of the opinion that "falsely" is not needed to complete the charge. In *Rex* v. *Richards*, 7 Dow. & Ry. 665, Abbott, C. J., gathered from the definitions that the offence of perjury consists in swearing "wilfully and corruptly" "to some matter which is untrue." This indictment charges that the respondent "wilfully and corruptly" stated what the assignment shows to have been untrue in fact. We think the words

employed sufficiently allege that the statement was false to the knowledge of the witness.

*Judgment reversed pro forma, demurrer overruled, first count of indictment adjudged sufficient, and cause remanded.*