### HOFFMAN v. ALLEGAN CIRCUIT JUDGE.

1. Information—Complaint—Variance—Effect.

    The complaint and warrant upon which a criminal examination is held are not intended to take the place of a formal presentment nor is the prosecuting attorney limited by them in the mode of charging the offense, it being entirely competent for him, so long as he does not undertake to proceed against the respondent for a different transaction than that to which his examination relates, to put his information in such form as in his opinion will enable him to try the offense on the merits and advance the ends of justice.

2. Perjury—Information—Variance from Complaint—Effect.

    A complaint for perjury alleged the filing of a bill in chancery in which a sworn answer was demanded and required by law, the issuance and service of a subpœna and injunction thereon, the making and filing by defendant of a sworn answer and the use of the same on a motion for dissolution of the injunction, the falsity of material portions of such answer, and that respondent swore to the same willfully, corruptly, etc. The information followed the complaint verbatim except that it contained also the words "and with intent to use the same on the hearing of said motion." Held, that the complaint was sufficient without the quoted words, and that the variance of the information from the complaint in that respect was immaterial, the transaction described in the information being identical with that stated in the complaint.

3. Same — Information — Sufficiency — Good and Bad Assignments—Remedy—Motion to Quash.

    Whether one of the assignments in an information for perjury is subject to the infirmity pointed out by respondent is immaterial on motion to quash where there are other assignments to which no objection is raised, respondent's remedy in such case being by objection and exception to the evidence introduced under the defective assignment.

4. Mandamus—Propriety—Quashal of Information.

    Mandamus is the appropriate remedy to secure reversal of an order quashing a criminal information.

Mandamus by Clare E. Hoffman, prosecuting attorney,

to compel Kelly S. Searl, circuit judge, presiding, of Allegan county, to set aside an order quashing an information. Submitted July 2, 1907. (Calendar No. 22,232.) Writ granted November 5, 1907.

*Clare E. Hoffman,* in pro. per.

*Diekema & Kollen,* for respondent.

McALVAY, C. J.   A writ of mandamus is sought by the prosecuting attorney of Allegan county to compel the presiding circuit judge to set aside an order quashing the information in the cause then pending in said court of the People of the State of Michigan against Henry A. Dibble, respondent, charged with the crime of perjury, and that he be ordered to require the said Henry A. Dibble to appear before said court for trial and to proceed with said trial according to law.   Respondent had waived an examination before the justice of the peace who issued the warrant, and upon being arraigned in the said circuit court to plead to the information filed against him, waived the reading thereof and stood mute.   The court thereupon ordered a plea of not guilty to be entered.   His counsel then orally made a motion to quash the information for the following reasons:

(1) Because the information does not allege that the answer was made for the purpose of being used in, or was used in, the chancery suit, or on the hearing of the motion for the dissolution of said injunction.

(2) Because it does not allege that the answer was filed or used with the knowledge or consent of the respondent.

(3) Because the allegation that the answer was not true and that the defendant did not believe it to be true is too general and sweeping to afford the defendant the necessary information to prepare for a defense.   It lacks specific averment and is therefore defective.

(4) That no offense was charged in the complaint; that there was a variance between the complaint and the information, and consequently no preliminary examination had been held on the offense, if any, charged in the information.

The information which is set up in the petition is of very great length. It contains copies of the bill of complaint, the motion for the dissolution of the injunction and the answer of defendant Dibble in a cause in the circuit court for Allegan county, in chancery, commenced by the Grange Store Co-operative Association, a Michigan corporation, against defendant Dibble, who was in its employ as bookkeeper and cashier, and who, as claimed by complainant, had entire charge of its cash transactions, and is charged with fraudulently conducting the business and wrongfully appropriating large sums of money. The bill prays for an accounting, an injunction, and a receiver. The information shows the filing of this bill, the issuing and service of a subpœna and injunction, the making and filing of a motion by Dibble for the dissolution of the injunction; alleges that a sworn answer was demanded and was required by law; that Dibble made such answer and the same was filed; that such answer was made with intent to use on the hearing of the motion for the dissolution of the injunction, and for his answer to the bill of complaint; that the matters contained in such answer were material to the issue raised by the bill of complaint and said motion; that certain specified portions thereof were false, and that Dibble falsely, corruptly and knowingly and willfully swore to said answer, giving the details of the oath and verification and the details specifically wherein the same was false, and that the same was done corruptly and with intent to prevent the due course of law and justice.

The foregoing brief outline has been necessary to intelligently understand the circumstances out of which this prosecution arose, and the objections raised to the information by the respondent. The motion to quash was granted by the trial judge. The prosecutor moved to vacate the order so made, and upon its denial has made this application. The trial judge, in his return to the order to show cause, says that he found that a variance existed between the information and complaint; that no offense

was charged in the complaint for the reason that it "did not allege that the answer made and sworn to by the defendant was made for the purpose of being used in the proceeding stated in the complaint." This variance which the court held to be fatal consists of the words italicized in the following paragraph of the information, and which were not contained in the complaint:

"That the said Henry A. Dibble, on, to wit, the 8th day of March, 1906, * * * appeared before * * * a notary public * * * qualified and duly authorized to administer an oath in that behalf, and was then and there duly and legally sworn * * * in a matter and proceeding wherein an oath was required by law, and did then and there falsely, corruptly, knowingly, willfully and maliciously under the sanction of his oath * * * as a part of said motion and in support thereof, *and with intent to use the same on the hearing of said motion,* and for his answer to said bill of complaint," etc.

As already indicated, this information is very long, covering 45 closely typewritten pages. In all respects except the few words above indicated it is a verbatim copy of the complaint in the case. As bearing upon the question of variance, we quote further:

"On the hearing of said motion said answer * * * was read in support of said motion * * * and (Dibble) to cause and procure said motion for the dissolution of said injunction to be granted did * * * make said false answer and oath."

It was held by this court in *People* v. *Annis*, 13 Mich. 511, that—

"The examination under this statute was designed to some extent to accomplish the purpose of a presentment by the grand jury under the law as it existed before in protecting a party against being subject to the indignity of a public trial for an offense before probable cause had been established against him by evidence under oath. But it was never designed that the complaint or warrant before the magistrate should stand in the place of a formal presentment, nor that in the circuit court the prosecuting officer should be limited by it in the mode of charging the

offense.   It is undoubtedly competent for him so long as
he does not undertake to proceed against a person for a dif-
ferent transaction than that to which the examination re-
lates, to put his information in such form as in his opin-
ion will enable him to try the offense on the merits
*  *  *  to advance the ends of justice."

The following are a few of the many cases where this
court has followed this decision: *People* v. *Bechtel*, 80
Mich. 623; *People* v. *Oscar*, 105 Mich. 704; *People* v.
*Pichette*, 111 Mich. 461; *People* v. *Stockwell*, 135 Mich.
341.

By the addition of the words complained of no new
offense is charged.   The transaction is identical with that
stated in the complaint.   There was no material variance
between the information and complaint.   This disposes of
the contention that the complaint did not charge the crime
of perjury for the reason that such objection is based upon
the contention that the words not in the complaint were
necessary to properly charge that offense.   The trial judge
also held:

" That the allegation contained in the information that
the answer was not true, and that the defendant did not
believe it to be true, is too general and entirely too broad
and sweeping, and that the allegation is not a specific aver-
ment and is therefore defective."

Whether this part of the information objected to can
properly be called an assignment of perjury or whether it
is the formal conclusion of the pleading after sufficiently
and properly alleging and charging all the material ele-
ments constituting the crime of perjury, and specifically
assigning perjury upon two paragraphs of the answer in
question, and upon this conclusion the prosecutor makes
his presentment and gives the court to understand and be
informed that the respondent in manner and form as
charged did commit the offense, is immaterial and not
necessary to decide in this case, for the reason that the
information contains two specific assignments of perjury
to which respondent raises no objection.   In such case an

objection to an insufficient assignment should be raised. upon the trial by an exception to evidence introduced under it.

"It is not necessary to prove that all the matters assigned are false, for if one distinct assignment be proved it is sufficient." Tiffany's Criminal Law (4th Ed.), p. 1002.

"If one assignment is sufficient, an improper assignment in connection with it will not vitiate the indictment; and such improper assignment will not be a ground for quashing the indictment, and can only be taken advantage of by excepting to the evidence introduced thereunder." 2 McClain on Criminal Law, § 883.

See, also, 2 Bishop on Criminal Procedure, § 919.

Respondent's second objection to the information is answered by reference to extracts therefrom herein quoted.

The court should have overruled the motion of respondent to quash the information. It was error not to do so.

That the appropriate remedy to secure the reversal of an order quashing an information is by writ of mandamus, has frequently been held by this court. *People* v. *Swift*, 59 Mich. 529; *Ware* v. *Branch Circuit Judge*, 75 Mich. 488; *City of Grand Rapids* v. *Braudy*, 105 Mich. 670 (32 L. R. A. 116 n.), and cases cited; *Anderson* v. *Van Buren Circuit Judge*, 130 Mich. 687, and cases cited.

The writ of mandamus will issue as prayed.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.