STATE OF MAINE

*vs.*

FRED W. TROWBRIDGE.

Knox.    Opinion May 12, 1914.

*Demurrer.   Exceptions.   Houses of Ill-fame.   Indictment.   Intoxicating Liquors.*
*Nuisance.*

1.   When two or more independent offences are joined in the same count, it will be bad for duplicity.
2.   When several acts relate to the same transaction and together constitute but one offence, they may be charged in the same count.
3.   A conviction for one kind of illegal keeping of the premises as a nuisance would be a bar to any other indictment for any or all the other kind described in the statute for the period of time covered by both indictments.

On exceptions by the respondent.    Exceptions overruled.

This is an indictment in which the respondent is charged with maintaining a common nuisance in a certain building occupied by him as a hotel, on Main Street, in Thomaston, in the County of Knox.

At the September Term of Supreme Judicial Court, 1913, the respondent filed a demurrer to the indictment, which the Justice presiding overruled. To this overruling of said demurrer, the respondent excepted and his exceptions were allowed.

The case is stated in the opinion.

*Philip Howard*, County Attorney, for the State.

*J. E. Moore*, for the respondent.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

HANSON, J.    This case is before the court on exceptions to the order of the presiding Justice overruling the demurrer to an indictment which charges that the respondent "on the first day of January, in the year of our Lord one thousand nine hundred and thirteen and on divers other days and times between that day and the day of the finding of this indictment, at Thomaston aforesaid, in the County of Knox aforesaid, unlawfully did keep and maintain a certain place, to wit: A certain building occupied by the said Fred W. Trowbridge as a Hotel, situated on Maine Street, in said Thomaston then and on said divers other days and times there used as a house of ill-fame, and then and on said divers other days and times there resorted to for lewdness and gambling, and then and on said divers other days and times there used for the illegal sale and for the illegal keeping of intoxicating liquors, and where on that day and on said divers other days and times intoxicating liquors were sold for tippling purposes, and which said place was then and on said divers other days and times there a place of resort where intoxicating liquors then and on said divers other days and times were there unlawfully kept, sold, given away, drank and dispensed, and which said place, being so used as aforesaid, was then and there a common nuisance, to the great injury and common nuisance of all good citizens of said State, against the peace of said State, and contrary to the form of the statute in such case made and provided."

Section 1 of Chap. 22, R. S., under which the indictment is found, reads as follows:

"Sec. 1.    All places used as houses of ill-fame, or for the illegal sale or keeping of intoxicating liquors, or resorted to for lewdness or gambling; all houses, shops or places where intoxicating liquors are

VOL. CXII 3

sold for tippling purposes, and all places of resort where intoxicating liquors are kept, sold, given away, drank or dispensed in any manner not provided for by law, are common nuisances.

Counsel for the respondent urges "that the indictment is bad for duplicity, because it attempts in one count to charge several offences, and for each there are different penalties," and cites *State* v. *Smith*, 61 Maine, 386, in support of his position, and argues that the "doctrine of that case is conclusive against the validity of the indictment, and that the exceptions are well taken and should be sustained." In that case the ground relied upon to sustain the demurrer was the same as in the case at bar, "that separate and distinct offences are charged in the same count." The indictment was found under R. S., Chap. 27, Sec. 20 (1872) prohibiting pedlars and dealers from "carrying for sale, or offering for sale, or offering to obtain, or obtaining orders for the sale or delivery of any spirituous, intoxicating, or fermented liquors," and the case holds that the statute created distinct and separate offences, a joinder of which in the same count of an indictment is good ground for demurrer, "because each of the acts described is independent of each of the others, and constitutes a complete substantive offence."

In reaching the conclusion the opinion holds "that the construction to be given to this statute is not analagous to that given to the statute against buying, receiving, or aiding in the concealment of stolen goods. The two statutes are clearly distinguishable in respect to the question under consideration. In that case the punishment is the same for one as for all three of the prohibited acts, and though each of the acts were charged separately in different counts, only one punishment could be inflicted. The several acts mentioned in that statute are but so many modes of describing one and the same offence, that offence being established by proof of either of the modes."

While the court reaffirms the doctrine that when two or more independent offences are joined in the same count, it will be bad for duplicity, it at the same time emphasizes the rule that when several acts relate to the same transaction, and together constitute but one offence, they may be charged in the same count.

The counsel for the State relies upon the case of *State* vs. *Lang*, 63 Maine, 215, where the same statute was under consideration, then (1892) Chap. 17, Sec. 1, when it was objected that the first count was double, having charged two or more separate and distinct liquor

offences therein. The court then held: "We are very clear that only one offence is charged in these indictments; and that an alleged statutory nuisance. Several independent causes are set out as constituting it. They are the facts relied on to prove the charge. Proof of either of them proves the nuisance; proof of all can prove no more. If the respondent kept a shop, used for the illegal sale of liquors to be carried away, he kept a nuisance. If he kept a shop, used for the illegal sale of liquors to be drank upon the premises, then he kept a nuisance. If he kept a shop, used for the illegal keeping of liquors merely, in such case he kept a nuisance. And if he kept a shop for all of these purposes, and also for all the other improper purposes enumerated in the nuisance act, he then also kept a nuisance, and no more than a nuisance.

The penalty therefor is not necessarily more upon proof of all, than upon proof of any one, of the various and different matters descriptive of the offence. A conviction for one kind of illegal keeping of the premises as a nuisance would be a bar to any other indictment for any or all the other kinds described in the statute, for the period of time covered by both indictments."

In the case at bar the charge is for keeping and maintaining a certain building . . . . which said place (building) being so used as aforesaid, was then and there a common nuisance. It is not sought to hold or to punish the respondent for any one or all of the independent matters which the statute provides shall constitute a nuisance, but for the nuisance which is caused by each or all of the alleged offences.

Respondent's counsel objects further to the indictment, and claims "that the respondent is not charged personally with committing offence," and urges that the indictment is fatally defective on that account. We assume that counsel means that the respondent is not charged with committing the various offences mentioned constituting the offence of keeping and maintaining a nuisance. It was not necessary to so allege or charge as to the former. He is charged in the language of the statute with the offence of keeping and maintaining a nuisance, and that is sufficient. In *State* v. *Osgood*, 85 Maine, 288, the same statute being under consideration, and the same point raised, the court held: "This indictment charges that the defendant did keep and maintain a certain place, to wit, . . . used as a house of ill-fame, to the common nuisance . . . . in

the precise language of the statute, and is sufficient." In *Commonwealth* v. *Kimball*, 7 Gray, 328, a like statute was under consideration, and the same objections interposed as in the case at bar. There the court held, "there is no duplicity in the second count of the indictment on which the defendant was committed, —it charges only one offence — the maintenance of a common nuisance. The allegation of the various different purposes for which the premises were used, constituting the means by which the nuisance was created, was mere matter of description; and although each of them might be criminal in its nature, yet they are not charged as distinct offences, but only as forming the elements which made up the single offence of a nuisance, which is the misdemeanor charged in the indictment.

The offence of the defendant consisted in keeping and maintaining the house. It was not necessary to allege or to prove that it was used by him, or by whom it was used."

We are of the opinion that the indictment is valid. The entry will be,

*Exceptions overruled.*