STATE OF MAINE *vs.* FRASER SHANNON.

Somerset.     Opinion, January 30, 1939.

128

*Clayton E. Eames*, County Attorney, for State.
*Fred H. Lancaster*,
*William Folsom Merrill*,
*Lloyd H. Stitham*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   At the September Term, 1938, of the Superior Court in and for Somerset County, the grand jury having returned an indictment for perjury against the respondent Fraser Shan-

non, he waived reading of the indictment, filed a special plea of *autrefois acquit*, and the case was reported to the Law Court on an agreed statement of facts, with stipulation that if the respondent's special plea is disallowed he shall plead over and stand trial.

It appears that at the January Term, 1934, of this Superior Court the respondent Fraser Shannon, as plaintiff in a civil action against one George R. Dow, recovered a substantial verdict for damages for injuries received, as the agreed statement admits, through the negligence of that defendant. The transcript of evidence in that case, made available for consideration here by stipulation, shows that the real defense relied upon was the plaintiff's contributory negligence. The trial began on January 17 and continued without interruption through the following eighteenth and nineteenth days of the month. The respondent testified in both his direct and cross-examinations on the first day of the trial and in rebuttal on the last day.

At the January Term, 1937, of the same court an indictment for perjury in this civil trial was returned against the respondent upon which he was tried and found guilty. Exceptions to the Law Court, however, were sustained and a new trial granted. At the May Term next following, the respondent was again tried on this indictment and there, by direction of the Justice presiding, he was acquitted and discharged.

And now in an indictment returned to the same Superior Court at the September Term, 1938, Fraser Shannon is again charged with having committed perjury in the trial of his civil action against George R. Dow and has interposed a plea of former jeopardy.

It is the supreme law of the land that no person shall be twice put in jeopardy for the same offense. If the respondent has already been tried and acquitted of the offense now charged in the indictment pending against him, he should not be compelled to again stand trial and be brought into danger of punishment for that offense. U. S. Const., Fifth Amend.; Const. of Maine, Art. I, Sec. 8. The test to be applied is not merely whether the same evidence supports both charges, or whether more proof might come in on a second trial, but whether the two offenses are essentially independent and hence distinct. *State* v. *Beaudette*, 122 Me., 44, 118 A.,

719. To constitute a bar to the pending indictment against the respondent, it must appear that the former acquittal was for the same offense in law and in fact. *State* v. *Littlefield*, 70 Me., 452, 457; *Com.* v. *Roby*, 12 Pick. (Mass.), 496; *Burton* v. *U. S.*, 202 U. S., 344, 26 S. Ct., 688, 698. Whether the offenses are the same or different is a question of law. *State* v. *Jellison*, 104 Me., 281, 283, 71 A., 716. They are the same if that now charged against the respondent is not independent and distinct, but in fact and in law only a part of the offense of which he was acquitted. It is elementary that the State can not divide a single offense into several parts according to time or conduct and base separate prosecutions upon and impose separate punishments for the various divisions. A prosecution for any part of a single crime bars any further prosecution based on the whole or a part of that crime. *Peo.* v. *Stephens*, 79 Cal., 428, 21 P., 856; *State* v. *Sampson*, 157 Iowa, 257, 138 N. W., 473; *State* v. *Cotner*, 87 Kan., 864, 866, 127 P. 1; *Patterson* v. *State*, 96 Ohio St., 90, 117 N. E., 169; 15 Am. Jur. 58; 16 Corpus Juris, 270 and cases cited.

In this state, perjury is now defined by statute. R. S., Chap. 133, Sec. 1. And it reads:

"Whoever, when required to tell the truth on oath or affirmation lawfully administered, wilfully and corruptly swears or affirms falsely to a material matter, in a proceeding before any court, tribunal or officer created by law, or in relation to which an oath or affirmation is authorized by law, is guilty of perjury;"

Except as the statute has enlarged the scope of perjury by including therein corrupt and wilful false oaths and affirmations outside the common-law definition of the crime, it is declaratory, we think, of the common law and must be construed in harmony therewith and as not making any innovation therein which it does not clearly express. *Wing* v. *Hussey*, 71 Me., 185, 188; End. Int. Statutes, Sec. 127; Bishop Stat. Crimes (2nd Ed.), Sec. 144.

In the indictment for perjury upon which the respondent Fraser Shannon was tried and finally acquitted, omitting details not here of controlling importance, it was charged that in the trial of his civil action on the nineteenth day of January, 1934, he offered him-

self as a witness and on oath lawfully administered to him, upon the issue then and there joined of whether he was injured through the negligence of the defendant in allowing gunpowder to be stored in his public garage and used to load a cannon or iron tube which exploded and severely injured Shannon while he was in the garage for the purpose of storing his automobile, and also whether Shannon himself was in the exercise of due and reasonable care, the material question being, as averred, whether Shannon participated in the Fourth of July celebration then going on at the garage "by then and there assisting in loading the aforesaid cannon or iron tube with powder and explosives," the respondent upon his oath, feloniously, knowingly, falsely, wilfully and corruptly,

"among other things did swear and testify as follows:
'Q. Did you take part in the loading of the cannon?
A. No, I didn't.
Q. Did you have any waste in your hands to load the cannon with?
A. No, I didn't.
Q. And you again say to the jury that you took no part in the celebration (Meaning the Fourth of July celebration held at said garage on the fourth day of July, A. D. 1932)?
A. No, I did not.' "

And it was averred:

"all of which answers to the three aforesaid questions were material to the issue."

And that in truth and fact the respondent Shannon at the time and place alleged did

"take part in the loading of the cannon and did have waste in his hands to load the cannon with and did take part in the celebration as aforesaid."

And in the report, by reference, it is made to appear that the testimony alleged to be false and relied upon in the assignment of perjury in that indictment was all given by the respondent in his rebuttal testimony on the last day of the trial of his civil action.

In the present indictment, attempt is made to charge a separate

and distinct perjury growing out of the testimony of the respondent given in his direct and cross examination in the same proceeding but on the first day of the trial. The general averments of this indictment are the same as those in the one upon which the respondent was acquitted. The proceeding in which perjury is charged, the court before which the trial was held, the due administration of the oath, and the claim of the respondent as plaintiff therein as alleged in his declaration are identical, the issue being defined with more particularity but in the end averred to be the contributory negligence of the respondent. The framer of this indictment makes multiple averments of alleged material questions and matters covering facts and circumstances occurring before and at the time the so-called cannon exploded and the respondent was injured, all tending to prove his contributory negligence or bearing upon his credibility. And it is alleged that the respondent, upon his oath, feloniously, knowingly, falsely, wilfully and corruptly, among other things, did swear and testify as then set forth in a series of questions and answers recited in detail and verbatim, the substance of which is that the respondent did not know or learn in the afternoon of July 3, 1932, that there was going to be a celebration at the garage, took no ride in the late evening with individuals named, had nothing to do with loading the cannon or firing it, did not know when he drove his car into the garage that there was any celebration taking place except that out front they were firing firecrackers, heard only one heavy explosion, did not assist in constructing a bomb to be used in the celebration, saw neither firecrackers nor powder on the floor of the garage before the explosion, and did not know or have any reason to know that there was any there. And the further averment is that all of these answers by the respondent were false and known by him to be so, the contrary was true, and his false statements were material to the issue of his contributory negligence in bringing about his injury for which, in the civil action, he had a recovery.

A reading of the record leaves no doubt that the perjury charged against the respondent in each of the indictments here under consideration consists of testimony given in one trial, under one oath, at different times but all relating directly or indirectly to his contributory negligence in the accident upon which his civil ac-

tion was based. The question presented here is whether one who has taken a lawful oath as a witness in a trial and as such witness has wilfully and corruptly made more than one false statement as to one or more matters material to the issue can be held to have more than once committed the crime of perjury.

It is settled law that one offense only can be charged in one count of an indictment, but when several acts relate to the same transaction and together constitute but one offense they may be charged in the same count. *State* v. *Trowbridge*, 112 Me., 16, 18, 90 A., 494; *State* v. *Nelson*, 29 Me., 329. In indictments for perjury, it is held, without dissent we believe, that any and all false statements made by a witness under oath may be charged in one count if the statements were given under one oath and in one proceeding. It is not a valid objection to an indictment that it embraces in a single count all the particulars in which the defendant is alleged to have sworn falsely where the assignments relate to the same transaction. And one good assignment of perjury will support a general verdict of guilty, although other assignments are defective or not sustained by proof. *Com.* v. *Johns*, 6 Gray (Mass.), 274; *Com.* v. *McLaughlin*, 122 Mass., 449; *Hoffman* v. *Judge*, 150 Mich., 58, 113 N. W., 584; *State* v. *Gordon*, 196 Mo., 185, 95 S. W., 420; *State* v. *Blaisdell*, 59 N. H., 328; *Harris* v. *Peo.*, 64 N. Y., 148; *State* v. *Bordeaux*, 93 N. C., 560; *Dunn* v. *State*, 15 Okla. Cr. 245, 176 Pac., 86; *Cover* v. *Com.* (Pa.), 8 A., 196; *State* v. *Anderson*, 35 Utah, 496, 503, 101 P., 385; *State* v. *Bishop*, 1 D. Chip. (Vt.), 120; *State* v. *Smith*, 63 Vt., 201, 22 A., 604; 16 Encyc. Pl. & Pr., 316 n.1; 2 Wharton's Crim. Law (11th Ed.), Sec. 1565, 1567; 31 Corpus Juris 763 n. 27b. The rationale of the rule laid down in these authorities seems to be that false statements relating to the same transaction, whether one or more, if made under one oath and in one judicial proceeding constitute only one perjury. This is the view taken in other jurisdictions.

In the early case of *State* v. *Bishop*, 1 D. Chip. (Vt.), 120 *supra*, the respondent was charged in an indictment containing only one count with perjury in his testimony relating to three separate and independent matters. That Court said:

"There can be no foundation for the first exception, that the respondent is in one count in the indictment, charged with

perjury, in swearing falsely in relation to several separate and distinct facts. This is not a charge of separate and distinct crimes. If it is, there might be so many different prosecutions commenced, and so many distinct punishments inflicted in consequence of a single oath, and false swearing under that oath, which would be new, and even absurd."

In *State* v. *Anderson*, 35 Utah, 496, 503, 101 P., 385, *supra*, in an information for perjury it was alleged that the respondent in a civil action there referred to made numerous false statements under oath. The respondent demurred to the information on the ground that more than one offense was charged therein, and it was held:

"that the several assignments contained in the information consist of certain alleged successive statements made by defendant while testifying as a witness, and are so related to the one question which was the subject-matter of inquiry in the action in which the testimony was given, and were so linked and blended together in point of time, as to constitute but one act or transaction, and therefore constitute but one offense."

In *Black* v. *State*, 13 Ga. App., 541, 79 S. E., 173, the precise question raised here was considered. The respondent there was indicted for perjury and filed a plea of former jeopardy. It is apparent from a reading of the case that the respondent there was first indicted, tried and acquitted upon assignments of perjury directed to part only of his testimony given in a civil trial. In the second indictment he was charged with perjury in making other false statements in the course of the same trial. That Court there said in part:

"The question is presented whether one who has taken a lawful oath as a witness in a judicial investigation, and who, as such witness, knowingly and wilfully makes more than one absolutely false statement as to more than one matter material to the issue, can more than once commit the offense of perjury in the same investigation and under the sanctity of the same oath. We are of the opinion that the identity of the proceeding and of the oath administered the witness excludes the possibility that the witness is guilty of more than one perjury in

the particular investigation. There is but one violation of the oath. . . . The offense of perjury is complete when, in a judicial proceeding, a witness (after the administration of the oath and his voluntary subjection to its binding authority) has wilfully, knowingly, absolutely, and falsely testified as to one material matter. Subsequent falsehoods under the same oath do not make new perjuries, but only exhibit additional ways in which the perjury was committed;"

We have not overlooked the point made that the time laid in the indictment upon which the respondent was tried and acquitted was January 19, 1934, the last day of the trial of his civil action, when he took the stand in rebuttal, and that the time of giving the testimony upon which the pending indictment is based is alleged as January 17, 1934, the first day of the same trial, when his direct and cross-examination took place. As already appears, there was but one trial and one oath, and the testimony covered by both indictments was material to the same issue. It was necessary to allege in each indictment a day certain when the offense charged was committed, but time was not an essential element in the constitution of the offense and it was not necessary to prove that it was committed on the day alleged. *State* v. *Hanson*, 39 Me., 337, 340 ; *State* v. *Fenlason*, 79 Me., 117, 8 A., 459. The State, in the first indictment, could have assigned in a single count each and every false statement which the respondent made in the entire course of the civil trial and alleged a single day certain with a continuando as the time of the commission of the alleged crime. If it had done so, proof of any one assignment of perjury would have warranted a conviction, but only one penalty could have been imposed. One crime only would have been charged. *State* v. *Nelson*, 29 Me., 329, 335. See cases already cited. Having elected to prosecute the respondent for a part of his alleged perjury, the State can not now divide the offense with which he is charged "into several parts according to time or conduct for the purpose of basing separate prosecutions upon the various divisions."

For the reasons stated, the respondent's plea of *autrefois aquit* must be sustained and the case remanded to the Superior Court where it originated for the entry of judgment for the respondent.

*So ordered.*