THE STATE OF UTAH, Respondent, v. HANS C. AN-DERSON, Appellant.

No. 1991.   Decided April 13, 1909 (101 Pac. 385).

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—COMPLAINT—SUFFI-CIENCY—EFFECT OF IRREGULARITIES.   Where accused is bound over to answer to the district court on his waiving a prelimi-- nary examination, or where the preliminary proceedings secure to him the rights to inform himself of the nature of the ac-cusation, to cross-examine the witnesses, and to inform himself of the facts relied on by the state, the preliminary proceedings will not be annulled because the complaint is informal.  (Page 500.)

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—COMPLAINT—SUFFI-CIENCY.   Under Comp. Laws 1907, sections 4604, 4610, providing that a complaint must state the name of accused, the county in which the offense was committed, the general nature of the crime, the acts complained of as constituting the crime, etc., a complaint, which states the name of the crime charged, the time and place of its commission, the name of accused, and which sets out in general terms the acts constituting the crime, is sufficient as a basis for a preliminary examination, though it is lacking in other averments necessary in an indictment or information.  (Page 500.)

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—COMPLAINT—SUFFI-CIENCY.   A complaint for perjury, which alleged that accused, on ·ⱡ designated date, within a designated county, committed perjury, giving false testimony before the district court in a civil action, wherein a third person was plaintiff and accused defendant, which states the issues of the action, and that ac-cused was sworn as a witness, and which recapitulates the al-leged false testimony, etc., is sufficient as a basis for a pre-liminary examination.   (Page 500.)

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—DEFECTIVE COM-PLAINT—WAIVER.   Accused, failing to object to the complaint when arraigned before the committing magistrate, waived all objections that might have been urged against the complaint.  (Page 501.)

5. INDICTMENT AND INFORMATION—INFORMATION—DUPLICITY. An information for perjury, which alleged that accused, as defendant in a divorce action, gave false testimony on the trial thereof by falsely testifying that he had heard the testimony of his wife and children, wherein they stated that he had choked his children; that he had never choked them; that the alleged choking did not occur; that at the time of the alleged choking he did not have a club or raise it, or threaten to beat out his wife's brains; that he never threatened to drown his children; that he never spoke a cross word to his wife; and that during the period of their married life the parties had been on the best of terms, etc.—alleged successive statements made by accused while testifying as a witness, which statements were so related to the subject-matter, and were so linked and blended together in point of time, as to constitute but one act, and but one offense, was not bad on demurrer, on the ground that more than one offense was charged therein. (Page 502.)

6. PERJURY—INFORMATION—EVIDENCE—SUFFICIENCY. Proof of the falsity of any one of several matters alleged in an information charging perjury, and containing several assignments of perjury, supports a general verdict of guilty, though the other assignments are not sustained by the evidence. (Page 503.)

APPEAL from District Court, Seventh District; *Hon. Ferdinand Erickson,* Judge.

Defendant was convicted of perjury and appealed.

AFFIRMED.

*Jacob Johnson* for appellant.

*A. R. Barnes,* Attorney-General, for respondent.

McCARTY, J.

The defendant was convicted, in the district court of Sanpete county, of the crime of perjury, and from the judgment of conviction he prosecutes this appeal.

It appears from the judgment roll, upon which alone the appeal is taken, that a complaint was filed with the justice of the peace of Manti precinct, Sanpete county, sitting as a committing magistrate, in which the defendant was charged with the crime of which he stands convicted. The assign-

ment of error upon which defendant mainly relies for a reversal of the case involves the question as to whether or not the complaint was sufficient to authorize the issuance of the warrant on which he was arrested. It is alleged in the complaint: "That the said defendant, Hans C. Anderson, heretofore, on the 16th day of January, 1908, within Sanpete county, State of Utah, did commit the crime of perjury, as follows: The said Hans C. Anderson then and there did wilfully, unlawfully, and feloniously, wickedly and corruptly and falsely testify, depose and swear, in substance and effect, as follows." The complaint, after reciting the matters to which it is alleged the defendant falsely testified— the alleged false statements made by him—charges that "the said defendant, Hans C. Anderson, then and there did so wilfully, unlawfully, wickedly, corruptly, feloniously, and falsely testify, depose, and swear, before the district court of the Seventh Judicial District, sitting in and for Sanpete county, State of Utah, then and there in session, and engaged in the investigation and trial of a case wherein Nettie Anderson was plaintiff, and the said Hans C. Anderson was defendant, in which case the issues were as to whether the defendant had cruelly treated the plaintiff to the extent of causing great bodily injury, or great mental distress to plaintiff, while the relation of husband and wife existed between plaintiff and defendant. And the said Hans C. Anderson had, then and there, administered to him by O. D. Eliason, the duly elected, qualified, and acting clerk of said Seventh Judicial District Court of the State of Utah sitting in and for Sanpete county, the said O. D. Eliason being then and there duly authorized and qualified to administer the same, on oath then and there to speak the truth. . .. . in said matter and cause under investigation and upon trial in said district court. Whereupon it then and there became and was a question of fact, material in the trial of said issue in the said district court, whether the said Hans C. Anderson had, at any time during the married life of him, the said Hans C. Anderson, with Nettie Anderson, his wife, cruelly treated her, the said Nettie Anderson, to

the extent of causing her, the said Nettie Anderson, great bodily injury, or great mental distress; whether he, the said Hans C. Anderson, had, during the year 1907, or at any time, threatened the life of his wife." Then follows a recapitulation of the alleged false and perjured statements of the defendant, which consisted mainly of his denials of having, on certain occasions therein mentioned, cruelly treated his wife. The complaint then concludes as follows: "All and each of the matters testified to by defendant, as hereinbefore set out, then and there became and were questions and facts material in the trial of the said issues in the said district court; that the said statements, matters, and things so sworn to by the said defendant, Hans C. Anderson, in the said district court, in the said cause wherein Nettie Anderson was plaintiff, and said Hans C. Anderson was defendant, are utterly and wholly false, contrary to the form of the statute," etc.

The defendant, on being arraigned before the magistrate, waived examination, the state consenting thereto, and was bound over to answer to the district court. An information was filed in the district court in which some of the assignments of perjury charged in the complaint filed with the magistrate were charged and alleged. To the information defendant interposed a demurrer, which was sustained. The district attorney thereupon, by order of the court, filed a new information. Defendant then filed a motion to quash and set aside the new information, on the ground that "he has had no preliminary examination upon the charge attempted to be stated in said alleged information, . . . nor has he waived such preliminary examination, . . . and because the defendant herein has not been held to answer to the charge contained in said new information." The order of the court overruling this motion is assigned as error. It is contended, on behalf of defendant, that the complaint filed with the committing magistrate did not state a public offense, and hence all subsequent proceedings, including the filing of the new information, were without authority of law, and therefore void. We do not understand

the law to be that a complaint, which is made the basis of a preliminary hearing before a magistrate only, must be drawn with the same precision and technical accuracy that is required in the drawing of an indictment or information upon which a party charged with a felony is finally brought to trial, in a court having jurisdiction to hear and determine the case and to render final judgment thereon. One purpose of these preliminary proceedings is to enable the defendant to inform himself of the nature of the accusation made against him, to be confronted, with and to cross-examine, the witnesses testifying on behalf of the state, and thereby given an opportunity to fully inform himself of the facts and circumstances upon which the state relies to sustain the charge, and be prepared to meet it when he is brought to trial. (*State v. Jensen*, 34 Utah 166, 96 Pac. 1085.) And he may, if he so desires and is able to, introduce evidence which tends to exonerate him, or to explain away the charge. When these rights have been secured to the accused, and he has availed himself of the opportunities thus afforded him, or has, the state consenting thereto, waived a preliminary examination, and is bound over to answer to the district court, the proceedings will not be set aside and. annulled because the complaint is informal. Section 4604, Comp. Laws 1907, provides that: "A complaint is a statement in writing made to a court or magistrate, that a person has been guilty of some designated offense." And section 4610 provides, so far as material here, that: "The complaint must state: (1) The name of the accused if known; . . . (2) the county in which the offense was committed; (3) the general name of the crime or public offense; (4) the acts or omissions complained of as constituting the crime or public offense named." Under these provisions of the statute a complaint which states the name of the crime charged, the time and place of its commission, the name of the accused, if known, and sets out in general terms the acts or omissions constituting the public offense or crime charged, is sufficient as a basis of a preliminary examination, even though it is lacking in

other averments which would be necessary in an indictment or information. In 12 Cyc. 294, the rule is stated, as follows: "If the statute does not provide any particular form of affidavit or complaint, it is not necessary that such affidavit or complaint should charge the crime with the fullness and particularity required in an information." In 16 Enc. Pl. and Pr. 843, it is said: "Although a complaint is essential to the jurisdiction of the examining magistrate, yet the examination, it seems, will not be vitiated by failure to charge the proper offense, or by an insufficient charge thereof. The magistrate may hold the defendant to answer for any offense which the evidence shows him to have committed." (*People v. Velarde,* 59 Cal. 457; *People v. Wheeler,* 73 Cal. 252, 14 Pac. 796; *People v. Lee Look,* 143 Cal. 216, 76 Pac. 1028; *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. Barnes,* 3 N. D. 131, 54 N. W. 541; *People v. Mellor,* 2 Colo. 705; *State v. Baker,* 57 Kan. 541, 46 Pac. 947; Bishop, Crim. Proc., 230.)

Tested by the rule, as we have stated it, which is fully supported by the foregoing authorities, it necessarily follows that the complaint in this case was sufficient. Even though we should apply a much stricter rule than the one announced to the complaint under consideration, we would still be of the opinion that it is not open to the objections urged against it. While the complaint contains much that is surplusage, it nevertheless contains assignments of perjury which are relevant and material, and it was upon these assignments that the defendant was tried and convicted. But assuming, for the sake of argument, that the complaint in question does not fully conform to every requirement of the statute, the defendant, by failing to object to the complaint when he was arraigned thereon before the committing magistrate, waived all objections that might have been urged against it. (Clark's Crim. Proc., p. 82; 12 Cyc. 320; 16 Enc. Pl. and Pr., 866; *State v. Langton,* 35 Kan. 375, 11 Pac. 163.)

Defendant demurred to the information on the ground that more than one offense was charged therein. The order of the court overruling the demurrer is assigned as error.

We think this assignment is without merit. The information, in part, alleged that "the said Hans C. Anderson, as defendant in said cause (referring to the civil action in whch the alleged perjured testmony was gven), and defendant herein, then and there, on or about the 16th day of January, 1908, at Manti, Sanpete county, Utah, aforesaid, upon the trial of said issues, did willfully, maliciously, falsely, feloniously, and contrary to such oath, knowing the same to be false, testify, depose, state, and swear as true, in substance and effect, as follows: 'That he, the said Hans C. Anderson, had heard the testimony of his wife, the said Nettie Anderson, his daughter, Christena Anderson, and his son, Elmer Anderson, wherein they stated that he, the said Hans C. Anderson, had, in the presence of his wife, choked the said Christena Anderson, and one Farrel Anderson; that he had never choked them, and that there was nothing of it, and that said alleged choking did not occur, and that at the time of said alleged choking he did not have a club or raise it, or threaten to beat out his wife's brains, and that such a thing did not occur; that he never threatened to drown his children, or any of them, or anything of the kind; that he never did speak a cross word to his wife, that he knew of, during the thirteen years that he and his wife lived together, and that during said period of time he had always been on the best of terms; that he never did at any time tell his wife that he was going to starve himself until he died, and that there never was at any time three days that he refused to eat.' Whereas in truth and in fact, as the defendant well knew, on one occasion, during the month of July, 1907, he did, in the presence of his wife, choke Christena Anderson and Farrel Anderson, the children of himself and wife, and he did have a club in his hands, and he did raise it and threaten to beat out his wife's brains." The matter alleged in each of the other foregoing specifications of perjury are expressly and specfically negatived. The information contains several assignments of perjury not here enumerated, which contain statements alleged to have been made by defendant in the same case,

and at the same time, and of the same general character as
the foregoing; but the court, in its instructions to the jury,
withdrew all except those we have enumerated from their
consideration. It will be observed that the several assign-
ments contained in the information consist of certain alleged
successive statements made by defendant while testifying as
a witness, and are so related to the one question which was
the subject-matter of inquiry in the action in which the tes-
timony was given, and were so linked and blended together in
point of time, as to constitute but one act or transaction, and
therefore constitute but one offense. And, furthermore, the
authorities seem to uniformly hold that all matters to which
the defendant swore falsely may be embraced in one count.
(2 Wharton's Crim. Law, sections 1299, 1301; Wharton's
Crim. Proc. and Pr., 251; *Commonwealth v. Jones,* 6 Gray
[Mass.] 275; *Commonwealth v. McLaughlin,* 122 Mass.
449; *Adellberger v. State* [Tex. Cr. App.], 39 S. W. 103;
*De Bernie v. State,* 19 Ala. 23; *Railroad v. Callahan,* 6
B. and C. 109.) And proof of the falsity of any one of them
will support a general verdict of guilty (such as
was rendered in this case), although the other as-
signments in the information are not sustained by
the evidence. (2 Wharton's Crim. Law [9 Ed.], section
1301; Wharton's Crim. Ev. [9 Ed.], 131; 16 Ency. Pl.
and Pr., 350.)

We find no error in the record. The judgment is affirmed.

STRAUP, C. J., and FRICK, J., concur.