STATE, Respondent, v. REIDT, Appellant.

(222 N. W. 677.)

(File Nos. 6309, 6609.   Opinion filed January 5, 1929.)

*C. E. Noel,* of Highmore, and *McNamee, O'Keeffe & Stephens,* of Pierre, for Appellant.

*Buell F. Jones,* of Britton, and *Bernard A. Brown,* of Sioux City, Iowa, for the State.

BROWN, J. Defendant appeals from a conviction of perjury, and the question before the court at this time is the sufficiency of the information to sustain the conviction. Defendant demurred to the information on the ground that it did not state a public offense, and also because it stated six separate offenses, and moved for an arrest of judgment on the same grounds. The information, after the usual preliminary averments, alleged that defendant on December 3, 1925, committed the crime of perjury, as follows:

"That the said Dwight Reidt at the said time and place, having taken an oath that he would testify, declare, and depose truly before a competent tribunal in a case in which such an oath may by law the administered, did wilfully and contrary to such oath state material matter which he knew to be false in that on the said 3rd

day of December, 1925, in an action pending in the circuit court in and for Hyde County, South Dakota, in the Sixth Judicial Circuit, with Hon. John F. Hughes, Judge of the said Court, presiding in an action entitled the State of South Dakota v. Harold Farlee, Ray C. Carothers, Dwight Reidt, and Otto Reidt, Defendants, and in which case an oath was by law administered by James Buchan, Clerk of Courts, to the said defendant Dwight Reidt and the said defendant Dwight Reidt having therein taken his oath that he would testify truly and the said Dwight Reidt did wilfully and contrary to such oath falsely state under oath that he had not been engaged in the handling of intoxicating liquors in any manner or capacity; that he had never owned a still for the manufacturing of intoxicating liquor; that on the 28th day of May was the first time he ever saw the still which was Exhibit 'A' in that case and that he happened to see the still at that time because Farlee hired him and Carothers to take some lumber over to where the still was; that he did not have anything to do with the taking of the equipment for the manufacture of liquor to the cave referred to in that case; that he did not have anything to do with helping to dig the cave, which false testimony related to material matter in the cause pending in which such testimony was given contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of South Dakota."

■ As relating to the charge in an information, it is sufficient if the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended. R. C. § 4725. In an information for perjury it is sufficient to set forth the substance of the controversy in regard to which the offense was committed, in what court the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned. R. C. § 4732. Defendant contends that an assignment of perjury necessarily requires not only that the testimony alleged to have been given was false, but, by way of antithesis, must set forth what the truth was. This prolixity was characteristic of common-law indictments for perjury, but is not required under our statutes. Where the false testimony alleged to have been given is in simple and direct form, no strength can be added to the charge that such statements were

false by asserting that the contrary was the truth.   United States v. Howard (D. C.), 132 F. 325; State v. Bingham, 124 Kan. 61, 257 P. 951.

It is contended that the provision in R. C. § 4732, that in an indictment for perjury it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, requires that the substance of the controversy *must* be set forth in the information, otherwise it is fatally defective.   The section does not provide that the substance of the controversy must be set forth in any particluar manner or at any particular length, nor does it even positively require that the substance of the controversy shall be set forth.   It simply says that it shall be sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and that pleadings, record, or proceedings in such controversy need not be set forth.   Section 4717 provides that an information shall be sufficient which contains the title of the case, the name of the court in which it is presented, the names of the parties and the offense charged, in the language by which the crime is usually designated; as, in the case of murder, that the accused (naming him) did, at a time and place stated, feloniously, wilfully, and with malice aforethought, murder a human being (naming him); and that this form of pleading shall apply to all prosecutions for the commission of any public offense, and it shall be competent to prove the manner in which the crime was committed as if all the facts constituting the crime had been fully set forth in the information.

Except in so far as it may be limited by the Constitution, the Legislature had power to enact that an indictment or information in the form prescribed by this section should be sufficient, and the only limitation in the Constitution is found in article 6, § 7, which provides that in all criminal prosecutions the accused shall have the right "to demand the nature and cause of the accusation against him."   If, therefore, the information in this case informs the accused of the nature and cause of the accusation against him, it is sufficient, because it certainly complies with the provisions of section 4717 and also with subdivision 6 of section 4725, which requires the offense to be desigated in such a manner as to enable a person of common understanding to know what is intended.   That it informs him of the nature and cause of the

accusation against him is hardly open to doubt. In their brief on this appeal defendant's counsel say:

"Whether the alleged false statements were material in any way or in any manner to the issue in the case of State v. Farlee et al, does not appear nor could they be inferred to be material by the greatest stretch of imagination."

Yet, by a stretch of the imagination, not shown to be unduly severe, counsel reached the conclusion that:

"The facts assigned as having been falsely stated, apparently relate to a violation of the intoxicating liquor law."

This deduction would seem to be quite well warranted. Counsel for defendant say:

"The information merely alleges in substance that the defendant made certain statements under oath during the trial of a case in the circuit court of Hyde County, South Dakota, entitled State of South Dakota v. Howard Farlee et al."

It thus appears that counsel concede that the case in which the statements were made was on trial in the circuit court of Hyde county. The nature of the testimony alleged to have been falsely given shows plainly that the action was for the violation of some provision of the intoxicating liquor law.

In People v. Ah Bean, 77 Cal. 12, 18 P. 815, the information, so far as it set forth the nature of the controversy in which the oath was taken and the false testimony charged to have been given, was as follows:

"The said Ah Bean, on the 21st day of May, A. D. 1887, at the said county of San Bernardino, state of California, having taken an oath before the superior court of the aforesaid county, Hon. H. W. Willis, Judge, presiding, that he would testify truly in said court, in a case then and there at issue, to-wit, the case of The People v. Martine."

This is all that was contained in the information in regard to the substance of the controversy, and the Supreme Court of California says: "The contention of the defendant is that the information fails to set forth the substance of the controversy in respect to which the offense was committed." It then quotes the California statute, which is the same as our R. C. § 4732, and says: "The controversy, in respect of which the offense was committed, in this case was the case of People v. Martine"—and says that it was not

necessary to set forth the substance of the controversy at greater length.

The opinion in the case proceeds: "There are two modes by which the materiality of the alleged false statement may be shown in criminal pleading: First, by setting forth the nature of the issue, and the evidence given thereon, so that, as a matter of law, it may be said the testimony upon which the perjury is assigned is material to the issue; second, by showing an action at issue in a court of competent jurisdiction, the testimony given, its willful and felonious falsity, coupled with the averment that it was material to the issue"—and held that the information was sufficient and that the demurrer and motion in arrest of judgment were properly overruled.

In the present case there is no direct averment that the case was at issue, but that is a necessary inference from the facts stated as to the giving of the testimony of defendant, and defendant himself recognizes that the information apprizes him that the case was at issue by the statement in his brief that the information alleges, in substance, that "defendant made certain statements under oath *during the trial* of a case in the circuit court of Hyde County." In People v. Ennis, 137 Cal. 263, 70 P. 84, an allegation that the testimony alleged to have been false was given in open court in a case "then pending" in the court named was held to show the case to be at issue, or on trial. The court said that the averment might have been more apt if it had said the case was on trial, as well as pending, but the language used was clearly sufficient to fully inform appellant that he was charged with making false statements in the evidence given by him in the case of People v. Ennis; and that the averment that the statements made were material to the issue was sufficient without averring in what manner the false testimony was material. The information in the instant case charges defendant with giving the false testimony in an action pending in the circuit court in and for Hyde county with Hon. John F. Hughes, judge of said court, presiding. This sufficiently shows the action was on trial.

R. C. § 4726, provides that no indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form, which does not tend to the prejudice of the substantial rights

of the defendant upon the merits. To apply the strict technical rules contended for by appellant would require the court to go back beyond the days of reformed procedure, and give effect to technicalities condemned by Sir Matthew Hale nearly 300 years ago, who is quoted as saying:

" 'If the sense be clear, nice exceptions ought not to be regarded,' and 'unseemly niceties should not be indulged,' nor 'an over-easy ear be given to exceptions whereby more offenders escape than by their own innocence, to the shame of the government, to the encouragement of villany, and to the dishonor of God.' " United States v. Howard (D. C.), 132 F. page 333.

The indictment does not state more than one offense. Where all of the testimony charged to be false is given in one case and at the same time, it does not constitute more than one offense, although a number of different false statements are charged. 30 Cyc. 1439.

We think that the information in this case sets forth every substantial element involved in the crime of perjury, and that the demurrer and motion in arrest of judgment were properly overruled.

The orders of the trial court overruling the demurrer and the motion in arrest of judgment are affirmed, and respondent is granted 30 days from this date in which to serve and file a brief on the main case should it so desire.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.