**UNITED STATES of America,**
**Appellee,**

v.

**Norman TYRONE, Appellant.**

**No. 71-1657.**

United States Court of Appeals,
Ninth Circuit.

Nov. 5, 1971.

Rehearing Denied Dec. 29, 1971.

21. *See* 392 U.S. at 146, 147, 149, and 156, 88 S.Ct. 1981.

Morris Stone (argued), of Amacher & Stone, Downey, Cal., Willard Van Hazel, Jr., of Echeverria & Osborne, Reno, Nev., for appellant.

Kirby W. Patterson (argued), Beatrice Rosenberg, for the Dept. of Justice, Washington, D. C., Bart M. Schouweiler, U. S. Atty., Reno, Nev., Allen B. Streller, Special Atty., Washington, D. C., for appellee.

Before HAMLEY, HAMLIN and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a court trial on two counts of a three count indictment charging violations of 18 U.S.C. § 1621 [perjury]. He appeals. We affirm.

*Factual Background*

Inasmuch as appellant's main points are: (1) that the two counts on which he was convicted charge only one crime, and (2) that the alleged perjured testimony was not material to the main issues before the grand jury, we feel that a skeleton statement of facts is sufficient.

Appellant, a mortgage or loan broker, was involved in negotiating a loan for Pacific Bridge Company (Pacific) from the Teamsters union pension fund (Teamsters) in connection with the development by Pacific of the Sierra-Tahoe Hotel and Casino at Lake Tahoe, Nevada. After the original manager of Pacific terminated his employment with that company, appellant continued the negotiations with the new manager, William Sweigert. In September, 1964, appellant met with Sweigert and Frank Farella, attorney for Pacific, in Chicago, in connection with the proposed loan.

The evidence is undisputed that the grand jury, which returned the indictment, was investigating possible violations of federal law in connection with the development of the Sierra-Tahoe Hotel and Casino and its relationship to Teamsters, including mail and wire fraud and, as related thereto, potential illegal payments to trustees of the fund.

The substance of the falsity alleged in Count One is that appellant, while under oath before the grand jury, denied discussing with anyone, in connection with the Pacific application, that the cost of getting a loan from the Teamsters would be approximately 10%.

The main thrust of the charge alleged in Count Two is that appellant falsely denied that he stated that a loan by Pacific and associates to a mortgage computer service, which appellant was planning to organize, was a condition to the applicant's securing the loan from the Teamsters.[1]

The relevant questions and answers before the grand jury are set forth verbatim in each count. We will not extend this opinion by here repeating them. For our purposes, the above summary is sufficient. The transcript of proceedings before the grand jury and the ex-

---

[1]. The main thrust of Count Three, which was dismissed by the court at the close of the government's evidence, was that appellant falsely testified that he did not present to representatives of the appli-cant a letter of commitment, or other papers, obligating applicant to make a loan to appellant's proposed computer statistical company.

hibits before the trial court, make it clear that appellant was fully informed of the nature of the proceedings after being sworn and prior to testifying before the grand jury.

### First Issue

■ Relying on Gebhard v. United States, 422 F.2d 281 (9th Cir. 1970), appellant argues that Counts One and Two [2] should have been consolidated and appellant charged with but one count of perjury. We do not agree. *Gebhard* recognizes that if a witness before a grand jury tells two separate and distinct lies, he may be prosecuted on a separate count for each lie. We quote from the opinion:

> "Gebhard was charged with thirty-two counts of perjury. If he in fact told separate lies, each of which could have hindered the grand jury in its investigation, then he could properly be separately charged for each lie." [P. 289.]

■ The *Gebhard* court went on to hold that certain of the counts were based on mere repeating and rephrasing of the same question and reversed as to those counts. Here, we have no such problem. Each count charges perjury on a subject entirely separate and distinct from the other. Appellant's denial of discussing with anyone that the cost of the loan would be 10% or more, bore no relationship to his denial of making the statement that the loan to the mortgage computer service was a precondition to Pacific receiving the loan from Teamsters. A trier of the fact could well hold the appellant innocent on one and guilty on the other without creating any type of a conflict. This contention is groundless.

### Second Issue

■■ Here, appellant contends that his answers to the questions which led to the convictions under Counts One and Two were not material to the investigation then being conducted by the grand jury. He misconceives the law on the subject. Essentially, the same type of contention was resolved against appellant's contention in Barnes v. United States, 378 F.2d 646 (5th Cir. 1967), cert. denied 390 U.S. 972, 88 S.Ct. 1056, 19 L.Ed.2d 1184 (1967) and Vitello v. United States, 425 F.2d 416, 424 (9th Cir. 1970), cert. denied 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50 (1970). The only requirement is that the question be material to a subject of the grand jury inquiry. The evidence need not be material to the main issue. For that matter, it is not even necessary that the false statements actually impede the grand jury investigation. Vitello v. United States, 415 F.2d p. 424, *supra*. We hold that all of the circumstances surrounding the proposed Sierra-Tahoe loan negotiations were proper subjects of inquiry for the grand jury in connection with the alleged payoffs and the mail and wire fraud.

### Other Contentions

Our careful examination of the entire record convinces us that appellant's other contentions: (1) that the evidence in the record does not support the convictions by "clear and convincing evidence" beyond a reasonable doubt, and (2) that the convictions on Counts One and Two should be set aside by reason of the court's dismissal of Count Three, are so completely without substance that they do not warrant discussion.

Affirmed.

---

2. Also Count Three.