566 S.E.2d 283

**STATE of West Virginia ex rel. Charles V. PORTER, M.D., Petitioner,**

v.

**Honorable Arthur M. RECHT, Judge of the Circuit Court of Ohio County, and the State of West Virginia, Respondents**

No. 30439.

Supreme Court of Appeals of West Virginia.

Submitted June 4, 2002.

Decided June 18, 2002.

---

Patrick S. Cassidy, Cassidy, Myers, Cogan, Voegelin & Tennant, L.C., Wheeling, West Virginia and Martin P. Sheehan, Sheehan & Nugent, P.L.L.C., Wheeling, West Virginia for the Petitioner.

Herman D. Lantz, Special Prosecuting Attorney, Wheeling, West Virginia Attorney for the Respondent, State of West Virginia.

ALBRIGHT, Justice:

Petitioner Charles V. Porter, M.D., seeks a writ of prohibition to prevent the Circuit Court of Ohio County from proceeding to trial under an information charging him with twenty separate counts of false swearing arising out of two affidavits he signed in connection with a medical malpractice lawsuit. Petitioner argues that the information runs afoul of the Double Jeopardy Clause of the West Virginia Constitution[1] by charging him with separate counts of false swearing for each allegedly false statement set forth in the affidavits. Upon our review of the relevant statute combined with pertinent case law, we conclude that Petitioner is entitled to the requested writ of prohibition to prevent him from being wrongly subjected to multiple punishments for the same two offenses.

1. W.Va. Const. art. III, § 5.

## I. Factual and Procedural Background

The Prosecuting Attorney of Ohio County, Scott R. Smith, charged Dr. Porter with twenty counts of false swearing in an information filed on July 20, 2001. The false swearing charges arose from two affidavits that Dr. Porter signed as a defendant in a medical malpractice civil action, which each contained ten separate statements. Dr. Porter pled not guilty to the charges set forth in the information and later filed a motion to require the State to elect the specific counts under which it intended to seek a conviction. Through the motion to elect, Dr. Porter raised the issues of multiplicitous charges and consequent violation of the Double Jeopardy Clause.

The circuit court denied Dr. Porter's motion for an election and later denied his motion seeking reconsideration of that denial by order entered on January 4, 2002. A trial in this matter was scheduled for March 25, 2002, on nineteen of the twenty counts contained in the information. Due to this Court's granting of a rule to show cause in connection with Dr. Porter's petition for a writ of prohibition, which was filed with this Court on March 6, 2002, the trial has been continued. Through the requested writ, Dr. Porter seeks to prevent the State from proceeding to trial under the existing information and to reduce the number of counts for false swearing that he is charged with from twenty to two.

## II. Standard of Review

■ In syllabus point one of *Farber v. Douglas*, 178 W.Va. 491, 361 S.E.2d 456 (1985), we applied the following standard in connection with our consideration of whether to issue a writ of prohibition in a criminal matter that had not yet proceeded to trial:

"In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers, and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syllabus Point 1, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979).

178 W.Va. at 492, 361 S.E.2d at 457; *see also* Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these principles in mind, we proceed to consider whether a writ should be issued.

## III. Discussion

■ At the center of this issue of alleged multiplicitous charges is the statute that sets forth the offense of false swearing. Under West Virginia Code § 61–5–2 (1923) (Repl.Vol.2000), the offense is defined as follows:

To *wilfully swear falsely, under oath or affirmation lawfully administered,* in a trial of the witness or any other person for a felony, concerning a matter or thing not material, and *on any occasion other than a trial for a felony, concerning any matter or thing material or not material,* or to procure another person to do so, *is false swearing and is a misdemeanor.*

*Id.* (emphasis supplied). Because the false swearing allegations at issue arise in connection with the signing of two affidavits in a medical malpractice action, rather than statements made during the course of a trial, we are concerned with the underscored portion of the statute.

In charging Dr. Porter with twenty separate counts of false swearing in connection with two affidavits that he signed, the State has taken the position that every statement made in an affidavit can be separately prosecuted under the false swearing statute. *See* W.Va.Code § 61–5–2. Dr. Porter contends that in the instance of an affidavit, as opposed to testimonial false swearing that occurs in the context of court proceedings, the gravamen of the offense is the act of swearing to the veracity of one or more facts set forth in the affidavit and *not* the act of separately "making" each of those state-

ments in the context of the affidavit. Accordingly, Dr. Porter argues that the State's approach in charging him with twenty, rather than two counts, of false swearing constitutes over zealous prosecution and does not withstand scrutiny based on either a statutory analysis or common law principles.

To support its position, the State relies heavily on this Court's recent decision in *State v. Green,* 207 W.Va. 530, 534 S.E.2d 395 (2000). In *Green,* we examined the uttering statute[2] to determine whether a conviction for ten counts of uttering that arose from the contemporaneous presentment of ten forged money orders was sustainable. As in this case, the issue of a double jeopardy violation arose from the prospect of multiple punishments being levied for the same offense. *See* Syl. Pt. 1, *Conner v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977). We explained in *Green* that the analysis of "whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively-intended unit of prosecution." 207 W.Va. at 537, 534 S.E.2d at 402.

In upholding the conviction for ten separate counts of uttering in *Green,* this Court first determined that the unit of prosecution established by the Legislature in West Virginia Code § 61–4–5(a) (1998) (Repl.Vol.2000) was singular in nature. In making that determination, we looked to the term "any" and its use in the statute to conclude that the Legislature intended to permit each writing that was forged to constitute a separate offense.[3] Because the term "any" is also used in the false swearing statute in defining the offense, the State contends that the false swearing statute necessarily permits separate charges for each false statement set forth in an affidavit. The analysis required to resolve the issue presented here, however, is more involved than merely identifying a "shared" statutory term, and assuming that a similar result follows.

■ While this Court clearly focused on the singular nature of "any" in reference to the writing required for a forgery in *Green,* it is the act of forgery that is key to the offense, and *not* the singular versus plural nature of the writings required to commit a forgery. In attempting to extend the reasoning of *Green* to this case, the State completely skirts the issue of the verb used to define the offense of false swearing, choosing instead to focus solely on the statutory inclusion of the term "any." Yet, it is axiomatic that the operative verb employed in the statute defines the offense, and not the nouns. *See United States v. Anderson,* 59 F.3d 1323, 1338 (D.C.App.1995) (Ginsburg, J., dissenting) (stating that "operative verb in the statutory definition of the crime defines the unit of prosecution"); *United States v. Ryan,* 894 F.2d 355, 360 (10th Cir.1990) ("Courts usually examine the verbs employed in the statute to define the offense"); *see also United States v. Palma–Ruedas,* 121 F.3d 841, 848 (3rd Cir.1997) (discussing use of "key verbs" test for venue purposes to determine where offense committed by examining "verbs in the statute that define the criminal conduct"); *accord United States v. Murphy,* 117 F.3d 137, 139 (4th Cir.1997).

In determining whether the Legislature intended each false statement included in an affidavit, or the entire affidavit as a whole, as the unit of prosecution under the false swearing statute, we must look to the gravamen of the offense of false swearing. Rather than the making of the individual false statements, it is the act of willfully swearing to the truthfulness of those statements while under oath, whether they be singular or multiple in number, that is the essence of the charge of false swearing under West Virginia Code § 61–5–2. Given the mechanics of executing an affidavit, the act of swearing to the veraci-

---

**2.** W.Va.Code § 61–4–5 (1998) (Repl.Vol.2000).

**3.** West Virginia Code § 61–4–5(a) provides that:
If any person forge *any* writing, other than such as is mentioned in the first and third sections of this article, to the prejudice of another's right, or utter or attempt to employ as true such forged writing, knowing it to be

forged, he shall be guilty of a felony and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars.
*Id.* (emphasis supplied).

ty of the statement(s) set forth cumulatively within the document occurs after the affidavit, complete with averments, has been prepared for the affiant's signature. While the signature is not the equivalent of the oath, it is the method by which the affiant indicates that he has sworn to the veracity of the statements set forth above his signature.

Each of the extra-jurisdictional cases cited by the State as support for its conclusion that a separate misdemeanor results "each time a person swears falsely in an affidavit" is factually and legally distinguishable. Those cases are not false swearing cases; instead, they involve charges of perjury; obstruction of justice; making false declarations before a court; and making inconsistent material declarations in any judicial proceeding in violation of a federal statute.[4] Clearly overlooked by the State in its reliance on perjury-based cases as authority for its position is the long-established demarcation in the law with regard to perjury and false swearing cases.

■■■ False swearing is a common law offense which was distinguishable from the offense of perjury based on the lack of a requirement that the false statements be made in a judicial setting. *See* Charles E. Torcia, *Wharton's Criminal Law* § 579 (15th ed.1996); *State v. Crowder,* 146 W.Va. 810, 827, 123 S.E.2d 42, 53 (1961). As we explained in *Crowder,* "[t]he facts necessary to constitute perjury always include false swearing, but the converse is not true, since the separate statutory offense of false swearing in many instances does not include perjury." *Id.* With the exception of a handful of states,[5] it has long been the law that multiple

perjury convictions can result from statements made in the courtroom or in a court proceeding which follow the taking of an oath. *See Seymour v. United States,* 77 F.2d 577, 581 (8th Cir.1935) (recognizing that "[t]he commission of perjury as to one matter does not absolve the witness or afford him immunity as to all other matters covered by his testimony at the same hearing"); *accord United States v. Tyrone,* 451 F.2d 16, 18 (9th Cir.1971) (upholding convictions on two counts of perjury for "two separate and distinct lies" told to grand jury on "subject[s] entirely separate and distinct from the other"). This same approach, however, does not extend to false swearing cases due to the distinctions between the oath-taking mechanisms and the reduced severity of the offense at issue.[6] Thus, the State's reliance on perjury cases as support for its position is clearly misguided.[7]

■■ To aid us in our determination of whether the statutory offense of false swearing permits the State to separately prosecute each false statement set forth in an affidavit, we look to the established principle that unless there is clear legislative intent to permit multiple punishments, all " 'doubt will be resolved against turning a single transaction into multiple offenses.'" *State v. Collins,* 174 W.Va. 767, 773, 329 S.E.2d 839, 845 (1984) (quoting *United States v. Canty,* 469 F.2d 114, 127 (D.C.Cir.1972)). Given the clear language of the statute, which defines the offense in terms of the operative act of swearing falsely and *not* in terms of the making of each statement, we cannot conclude that the Legislature intended that a single affidavit containing various statements that were falsely sworn to could result in

---

**4.** *See United States v. Sharpe,* 193 F.3d 852 (5th Cir.1999); *United States v. Scott,* 682 F.2d 695 (8th Cir.1982); *United States v. De La Torre,* 634 F.2d 792 (5th Cir.1981); *Seymour v. United States,* 77 F.2d 577 (8th Cir.1935); *State v. La-Barre,* 114 Ariz. 440, 561 P.2d 764 (App.1977); *People v. Guppy,* 30 Ill.App.3d 489, 333 N.E.2d 576 (1975).

**5.** *See Black v. State,* 13 Ga.App. 541, 79 S.E. 173 (1913); *State v. Shannon,* 136 Me. 127, 3 A.2d 899 (1939); *State v. Anderson,* 35 Utah 496, 101 P. 385 (1909); *State v. Bishop,* 1 D.Chip. 120 (Vt.1797); *see also State v. Reidt,* 54 S.D. 178, 222 N.W. 677 (1929).

**6.** Since the offense of false swearing, unlike perjury, does not require a material statement, it stands to reason that the legislative objectives underlying the creation of the offense of false swearing and consequent punishment for such offense are reduced in comparison to perjury. *Cf.* W.Va.Code § 61–5–1 (1996) (Repl.Vol.2000) to § 61–5–2.

**7.** This is especially true in view of the fact that an individual could not commit perjury through an affidavit at common law given the extra-judicial nature of the act. *See* III Ronald A. Anderson, *Wharton's Criminal Law and Procedure* § 1317 (1957).

multiple offenses. Accordingly, we hold that an affiant who commits the act of swearing to the veracity of one or more matters set forth in an affidavit may only be charged with a single count of false swearing within the meaning of West Virginia Code § 61–5–2.

■ Based on the foregoing, we determine that a writ of prohibition should issue to prevent the State from proceeding to prosecute Dr. Porter on the information which charges him with twenty separate counts of false swearing. Upon the return of this matter to the circuit court, the State should amend the information to reflect only two counts of false swearing,[8] consistent with our rulings in this opinion and the facts of this case.

Writ granted.

---

**8.** Although the State must set forth multiple alleged false statements in each of the two counts of the amended information, the State need only prove the falsity of one of those statements relative to each count to sustain a conviction. While we have not located West Virginia authority as direct support for this proposition, the clear weight of authority throughout the country views this proposition as settled law. *See, e.g., United States v. Bonacorsa,* 528 F.2d 1218, 1222 (2nd Cir.1976) ("Where there are several specifications of falsity in a single count, proof of any of the specifications is sufficient to support a verdict of guilty"); *accord, United States v. Abrams,* 568 F.2d 411, 419 (5th Cir.1978) (recognizing as "settled principle that every answer set forth in a single count does not have to be false to sustain a [perjury] conviction"); *People v. Hedgecock,* 247 Cal.Rptr. 404, 437 (Cal.App.1988) ("Where a single count of perjury is based on allegations that a defendant testified to more than one falsehood, the prosecution need not prove each false statement as proof of any one or more is sufficient"), *superseded on other grounds,* 250 Cal.Rptr. 268, 758 P.2d 596 (Cal.1988); *see generally* 60A Am. Jur.2d *Perjury* § 60 (2nd ed.1988).